## THE GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V. JOHN PERRY.

### No. 6882.

**Grant of Right of Way — Construction of Contract.** — A number of persons executed a contract with the agent of the appellant railway company in which they in consideration of certain obligations on part of the railway company obligated themselves for "San Felipe Irrigation, etc., Co.," to convey to the railway company certain lands of the irrigation company. The contract contained the further clause: "This conveyance being in consideration of the condition previously expressed, and to include the right of way one hundred feet in width through our tracts of land not previously conveyed." *Held*, that the parties signing the contract, upon the railway company complying with its obligations, were bound by it as to lands owned by them individually. The plaintiff having signed the contract was bound thereby, and could not recover the right of way occupied by the railway company, under the contract, through land owned by himself.

APPEAL from Val Verde. Tried below before Hon. Winchester Kelso. The opinion states the case.

*John M. Coleman* and *Clark & Old*, for appellant.—The agreement, exhibit A [see opinion], passed all the property therein described, whether belonging to the San Felipe Irrigation, Agricultural, and Manufacturing Company or to all the parties of the first part to said contract, either separately or in common, and was a good and valid contract, binding upon the parties thereto, to convey to defendant a right of way one hundred feet in width for its roadbed over any and all lands owned by them, separately or in common, that had not been previously conveyed, upon the defendant complying with all the obligations therein imposed upon it.

*J. A. Ware* and *Joseph Jones*, for appellee.—1. The agreement set out in appellant's brief as exhibit A was only executory in its terms, and affected only such interest as the grantors represent in the San Felipe Irrigation, Agricultural, and Manufacturing Company. 1 Wait's Act. and Def., p. 74.

2. The parties having met and performed the executory contract, it became executed; and no fraud or mistake being shown, there is nothing left for the court to construe.

3. Stockholders in a corporation are not ordinarily bound individually for acts performed by them in behalf of the corporation, as are partners in relation to partnership interest and business.  Jackson v. Cassidy, 68 Texas, 288.

FISHER, JUDGE, *Section B.*—The appellee on April 5, 1887, filed this suit in trespass to try title against appellant, seeking a recovery of the lands described in the petition and for rents.  Appellant by its answer pleaded not guilty and disclaimed title to all the land sued for except a certain defined portion set up in the answer.  The land so described in the answer it claimed as a right of way in use by it for railway purposes since 1882, under and by virtue of a certain contract executed and delivered to appellant by appellee and others, which contract is made an exhibit to the answer; that by the terms thereof the land was granted to appellant as a right of way for its railway track; and that appellee at that time was the owner of the lands over which the way was granted.  The contract among other things donated to the defendant certain other lands in the event it would erect and locate its depot at a certain place, and stated other conditions on appellant which it alleges have been fully complied with.  The answer further in the alternative asked that if the defendant is not entitled to hold the land by virtue of said contract, then that the lands be condemned as a right of way for the use of its road and that the damages be found, which it expressed a willingness to pay.  Appellee interposed special demurrers to the answer in so much as wherein it asserted title to the lands in appellant by virtue of the contract set up in the answer.  The ground of the demurrer being that the land sued for is alleged to be the property of appellee, and the contract under which appellant claims title was not executed by appellee in his individual capacity, but as the representative of the San Felipe Irrigation, Agricultural, and Manufacturing Company, and that it only affects the lands of the company.  The court below sustained the demurrer, and no proof was offered under this phase of the case.  The only issue submitted to the jury was that of damages to the land under appellant's answer, asking in the alternative for a condemnation of it.  The jury found a verdict in favor of appellee for the value of twelve and one-tenth acres of land at $5 an acre and for $200 actual damages to the balance of the tract.  Judgment was rendered on this verdict against appellant, and in its favor condemning the land as its right of way.

The contract declared on in the answer is substantially as follows:

"*State of Texas, Kinney County.*—Memoranda of an agreement made and concluded this the 23d day of May, 1882, between John Perry, Paulina and B. C. Greenwood, Harry Johnson, Randolph Pafford, R. A. Farley, Paula Rivers, Theresa Ney, Mrs. Martha Jackson, parties

of the first part, and the Mexican and Pacific extension of the Galveston, Harrisburg & San Antonio Railway Company, party of the second part, witnesseth: That for and in consideration of said railway company establishing a depot at Del Rio, in the above State and county, and maintaining the same for freight and passenger business, said parties of the first part, representing the San Felipe Irrigation, Agricultural, and Manufacturing Company, hereby agree to donate to said railway company the following described land, bounded as follows: The north half of the John Keinle survey No. 161¾, containing 80 acres; beginning at the original north corner of the James Mitchell and southeast corner of said Keinle survey, thence north 45 degrees west with the east line of said Keinle survey, and west line of survey 184, granted to Lostenos Corosco, 475 varas; thence south 45 degrees west 950 varas to the west line of said Keinle survey; thence south 45 degrees east 475 varas to the north line of the James Mitchell survey; thence north 45 degrees east with the northwest line of said Mitchell survey No. 183, to the beginning, containing 80 acres, more or less. Also the following described tract or parcel of land out of the John Keinle survey No. 161½, bounded and described as follows: Beginning at the north corner of the said John Keinle survey, a stone mound, thence south 45 degrees east with the east line of said survey 161½ to the southwest corner of the International & Great Northern survey No. 2, and northwest corner of a 42-acre survey; thence in a northwest direction to the northwest corner of a 1¼-acre survey No. 5 on the division line between Texas and Mexico; thence north 45 degrees west with said division line to the north boundary line of said Keinle survey; thence north 45 degrees east, with said north line of the Keinle survey No. 161½, 544 varas to the original north corner and place of beginning, containing about sixty acres of land. Also the following tract or parcel of land out of the James Mitchell survey No. 183, and from the northeast corner, containing 23½ acres out of division S previously conveyed by the parties of the first part to R. Pafford, and known on the map of said division as tract No. 5. And also the following tract, southwest and adjoining the same, containing 23½ acres, and known as survey No. 4, previously conveyed or decreed to Mrs. Paula Rivers, but not recorded. Also the following tract or parcel of land out of the said James Mitchell survey, and known as subdivision surveys Nos. 1, 2, and 3, in division S, the north half of said subdivision surveys being donated by the parties of the first part to the party of the second part, containing about 35¾ acres, said 35¾ acres described as follows: Beginning on the west line of survey No. 4 of the subdivision of division S, half way between the Madre ditch and the northwest line of said James Mitchell survey, thence south 45 degrees west and parallel with said Mitchell line to the west line of division S, and west line of

subdivision No. 1, the 35½ acres being the northern of subdivision surveys Nos. 1, 2, and 3.   This conveyance being in consideration of the condition previously expressed, and to include the right of way 100 feet in width through "our tracts of land not previously conveyed;" "the diagram attached to this agreement refers specially to division S in the James Mitchell survey."   It is understood and agreed by and between the parties to this agreement that said railway company is to have the lines herein specified surveyed, and on completion of the surveys said parties of the first part hereby agree to execute and deliver good and satisfactory deeds to the lands herein described, or within ten days thereafter.   In witness whereof said parties of the first part and second part have set their hands and seals the day and year above specified.

"RANDOLPH PAFFORD,          R. A. FARLEY,
"PAULINA GREENWOOD,        PAULA RIVERS, by Joe Ney, Jr.,
"JOHN PERRY,                       THERESA NEY, by Joe Ney, Jr.,
"HARRY JOHNSON,           ·    JAS. CONVERSE, for G. H. & S. A. Ry.
"In presence of J. C. Carr, T. W. Pierce."

"*State of Texas, County of Kinney.*—Personally appeared before me this the 23d day of May, A. D. 1882, the following named parties, all known to me to be the persons whose names are subscribed to the foregoing instrument of writing, R. Pafford, R. A. Farley, Paulina Greenwood, B. C. Greenwood, John Perry, Paula T. Rivers, Harry Johnson, Theresa Ney, by Joe Ney, Jr., on the part of the San Felipe Irrigation, Agricultural, and Manufacturing Company, and James Converse for the Galveston, Harrisburg & San Antonio Railway, who acknowledged to having signed the within instrument of writing for the purposes and considerations therein expressed.

"Given under my hand and seal of office in Del Rio, Kinney County, Texas, this the 23d day of May, A. D. 1882.

"H. M. BLOCK,
"Justice of the Peace Precinct No. 4, Kinney County, and ex officio Notary Public Kinney County."

Appellant's first and only assignment of error complains of the action of the court in sustaining the demurrer to its answer setting up title to the lands in controversy under and by virtue of said contract, assigning as a reason because the contract conveyed not only the interest of the irrigation company in the lands therein described but the right of way of the lands owned by the several parties that executed and signed the contract.

The only question for our consideration is the proper construction to be given to the contract.   The primary purpose to be accomplished by this contract was the conveyance of certain lands therein mentioned to the appellant in consideration of its establishing and maintaining a

depot at Del Rio.    For the accomplishment of this purpose the contract may be susceptible of the interpretation that it was the act of the Irrigation, Agricultural, and Manufacturing Company, and not that of the individuals who signed it.    But this is not the only purpose of the contract or the only benefit to flow from its execution.    A right of way by the terms of the contract is conveyed to appellant.    The verbiage of the contract that granted this right is, "This conveyance being in consideration of the conditions previously expressed and to include the right of way one hundred feet in width through our tracts of land not previously conveyed."    The condition previously expressed is the erection and maintenance of the depot.    This contract is signed by the appellee, together with other individuals, and not as the representatives of the irrigation company.    The only reference made in the contract of their acting in its execution as agents of the Irrigation, Agricultural, and Manufacturing Company is in the particular that grants to the appellant certain lands in consideration of its establishing and maintaining a depot.    The maker of this instrument evidently intended in granting a right of way over "our lands" to convey to the appellant the enjoyment of an easement and right not contemplated and conveyed by the previous terms of the contract.    The grantors in preparing this instrument have employed words of their own selection indicating the objects and purpose of the contract.    The intent of the parties gathered from the language of the contract was evidently to grant a right of way to appellant over the lands of the individuals owned by them at the time they signed the contract, dependent on a performance of the conditions imposed by the terms of the contract upon appellant.    2 Dev. on Deeds, secs. 835, 836, 838, 839, 848, 882; Pike v. Monroe, 58 Am. Dec., 751; Salisbury v. Andrews, 19 Pick., 251; Coffin v. Douglass, 61 Texas, 407; Shoe Co. v. Ferrell, 68 Texas, 638.

The circumstances surrounding the execution of the contract as stated in the answer, and the acting under it by appellant in constructing its road over the land and using it for years prior to this suit as a right of way, tend to establish the fact that the parties to the contract placed upon it the same construction as is here contended for by appellant.    2 Dev. on Deeds, sec. 851.

The court erred in sustaining the demurrer to the answer, and for this reason the case will be reversed and remanded, and we so report it.

*Reversed and remanded.*

Adopted June 23, 1891.