'(April 23, 1901.)

## HOLTON v. SAND POINT LUMBER COMPANY.
[64 Pac. 889.]

COMPLAINT—CAUSE OF ACTION.—If the complaint fails to state the essential facts constituting a cause of action, it is insufficient.

DEMURRER.—Where a suit is brought by a woman on an open account, and as a defense, the defendant sets up the facts that she is a married woman, and that the account sued on is community property, it is error to strike out such defense.

MARRIED WOMAN—ANSWER.—Where the fact does not appear on the face of the complaint that the plaintiff is a married woman, when if it did so appear the complaint would be open to a demurrer, that fact may be taken advantage of by answer.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Charles L. Heitman, for Appellant.

There is no statement of facts which could constitute a cause of action. There is no charge that the defendant is indebted to the plaintiff, but merely a recital "that the amount alleged to be due to plaintiff is on account of board furnished at the instance and request of defendant during the years of 1898 and 1899," and nowhere in the complaint is there an allegation of any amount due from defendant to plaintiff. "The forms alone of the several actions have been abolished by the statute. The substantial allegations of the complaint in a given case must be the same under our practice act as are required at common

law." (*Miller v. Van Tassel,* 24 Cal. 463.) A pleading should contain a positive statement of essential facts, and it must be held insufficient where it merely states that such facts are alleged to exist. (*Byington v. Commissioners,* 37 Kan. 654, 16 Pac. 105.) It does not state that defendant promised to pay for the "board furnished," nor does it state the reasonable value of said "board furnished." (*Mershon v. Randall,* 4 Cal. 324; *Green v. Palmer,* 15 Cal. 411, 76 Am. Dec. 492; *Joseph v. Holt,* 37 Cal. 255.) The court erred in sustaining plaintiff's motion to strike out all of paragraph 5 of defendant's answer to the amended complaint, to the effect that the plaintiff herein is not the proper party plaintiff, she being at all the times mentioned in said complaint, and now is, a married women. (Idaho Rev. Stats., sec. 4093.)

Edwin McBee, for Respondent.

The case was at issue and had been tried in the justice court and brought to the district court on an appeal by defendant. Plaintiff was forced to amend the complaint by inserting an allegation of the corporate existence of defendant. Defendant sought then for the first time to plead the coverture of plaintiff as a separate and second ground for defense to the action. By his failure to raise this question at an earlier period in these proceedings, defendant waived his right to such an objection. (10 Ency. of Pl. & Pr. 229; *Simmons v. Thomas,* 43 Miss. 31, 5 Am. Rep. 470; *Dillage v. Parks,* 31 Barb. 132; *Tapley v. Tapley,* 10 Minn. 448, 88 Am. Dec. 76.)

SULLIVAN, J.—This action was brought to recover fifty-six dollars and fifty-eight cents upon an account alleged to be due respondent for board furnished at the instance and request of defendant. An amended complaint was filed. The appellant, by his counsel, interposed a general demurrer to said amended complaint, and also on the ground that the amended complaint was unintelligible and uncertain in this, to wit, that it "does not charge any indebtedness to be due to the plaintiff from defendant, but is merely assumed or by way of recital." The demurrer was overruled, and the defendant answered, denying the material allegations of the complaint, and averred as

a defense that the plaintiff was a married woman, and was not the owner of the account sued on, and that said alleged account was community property, and as such was the property of George Holton, the husband of the plaintiff. On motion of counsel for plaintiff, said defense was stricken out. The cause was tried by the court and jury, and a verdict and judgment were rendered and entered in favor of the plaintiff. Appellant's motion for a new trial was thereafter denied. This appeal is from the judgment and order overruling the motion for a new trial.

Several errors are assigned. The first is that the court erred in overruling the demurrer to the amended complaint. The amended complaint does not conform to the requirement of the provisions of section 4168 of the Revised Statutes. It does not contain a statement of the facts constituting the cause of action in ordinary and concise language. There is no amount alleged to be due the plaintiff, and merely by way of recital it is stated as follows: "That the amount alleged to be due to plaintiff is on account of board furnished at the instance and request of defendant during the years of 1898 and 1899." Nowhere in the amended complaint is there an allegation of any amount due from defendant to plaintiff. In *Byington v. Commissioners,* 37 Kan. Supp. 654, 16 Pac. 105, it is said: "A pleading should contain a positive statement of essential facts, and it must be held insufficient when it merely states that such facts are alleged to exist." It was error to overrule said demurrer. The action of the court in sustaining the motion of plaintiff to strike out the defense "that the plaintiff was a married woman, and not a proper party plaintiff, as said account sued on was community property, and not the property of the plaintiff," was error. It was error to strike out the defense "that the plaintiff was not the real party in interest, and was not the owner of the account sued upon." The fact that the plaintiff was not the real party in interest did not appear on the face of the complaint, and could not have been reached by demurrer for that reason. The court erred in refusing to permit defendant to prove that the plaintiff was a married woman.

It is not necessary for us to pass upon the other errors as-

signed, as the judgment must be reversed, and the cause remanded, with instructions to permit respondent to amend her complaint, and, if she does so, to permit appellant to interpose the defense that the plaintiff is a married woman, and not the owner of said account, or any other legal defense which it may have. The judgment is reversed and remanded, with instructions to proceed in accordance with the views expressed in this opinion. Costs are awarded to the appellant.

Quarles, C. J., and Stockslager, J., concur.