(June 14, 1907.)

GEORGE E. LINDSAY, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

[90 Pac. 984.]

EXPULSION FROM TRAIN—DAMAGES—ALLEGATIONS OF COMPLAINT—EVIDENCE—DUTY OF CARRIER—ANXIETY AND MENTAL SUFFERING—JOINDER OF ACTIONS—INSTRUCTIONS.

1. Under the provisions of subdivision 2, section 4168, Revised Statutes, the complaint must contain a statement of the facts constituting the cause of action in ordinary, concise language, and in an action for damages it is sufficient under our statute to allege in general terms that the injury complained of was occasioned by negligence of the servant or employee of the carrier in charge of the train.

2. Evidence held sufficient to show that the brakeman did expel the respondent from the train.

3. It is the duty of the common carrier to afford protection for its passengers, and if it has in its employ a brakeman who ejects a passenger from the train who is entitled to ride, the company is liable.

4. Where a passenger is wrongfully ejected from a passenger train, he is entitled to recover a reasonable compensation for the indignity, humiliation and mental suffering received and resulting from such expulsion, whenever such mental suffering or nervous shock is the natural and proximate result of the wrong done, if such wrong gives the party a cause of action.

5. In this case a husband with his sick wife entered the train; he was ejected therefrom and his wife was carried on the train. His anxiety and mental suffering was the proximate result of the unwarranted act of the servant, and was the direct and sole cause of such suffering.

6. Under the provisions of section 4093, Revised Statutes, the husband must be joined with the wife when she has a cause of action for personal injuries, and if the husband has a separate and distinct cause of action for personal injuries to himself, he is not bound to join his cause of action with that of his wife.

7. The refusal to give certain instructions reviewed and held not error.

8. The giving of certain instructions reviewed and held not error.

(Syllabus by the court.)

APPEAL from the District Court of Fifth Judicial District for Bear Lake County. Hon. Alfred Budge, Judge.

Action to recover damages by reason of a forcible ejection from train. Judgment for the plaintiff. *Affirmed.*

P. L. Williams and D. Worth Clark, for Appellant.

It is not alleged that said brakeman was, at the time, on duty, or that he was acting within the scope of his employment.

A complaint that does not allege that the servant is acting within the scope of his employment at the time of his negligent act does not state facts sufficient to constitute a cause of action. (*Davis v. Houghtelin,* 33 Neb. 582, 50 N. W. 765, 14 L. R. A. 737; *Cooke v. Illinois Cent. R. R.,* 30 Iowa, 203; *Carter v. Louisville etc. Ry. Co.,* 98 Ind. 552, 49 Am. Rep.

780; *Lafitte v. New Orleans City R. R. Co.,* 43 La. Ann. 34, 8 South. 701, 12 L. R. A. 337.)

There was not sufficient evidence to justify the jury in finding that the plaintiff was compelled to leave or was ejected from the defendant's passenger train, nor does the evidence show that he was ejected by an employee of the defendant company, or by anyone having authority to eject him. We find the general rule as to what constitutes expulsion laid down in 6 Cyc. 559. (*Bohannon's Admr. v. Southern Ry. Co.,* 112 Ky. 106, 65 S. W. 169.)

It is improper to admit evidence as to mental suffering on account of the circumstances or conditions of others. (*Maynard v. Oregon Short Line Ry. Co.,* 46 Or. 15, 78 Pac. 983, 68 L. R. A. 477; *Atchison etc. Ry. Co. v. Chance,* 57 Kan. 40, 45 Pac. 60; *Turner v. Great Northern R. Co.,* 15 Wash. 213, 55 Am. St. Rep. 883, 46 Pac. 243; *Giffen v. City of Lewiston,* 6 Idaho, 231, 55 Pac. 545.)

Damages cannot be recovered for mere mental distress not accompanied by physical injury. (*Linn v. Duquesne Burrough,* 204 Pa. St. 551, 93 Am. St. Rep. 800, 54 Atl. 341; *Wilcox v. Richmond D. R. Co.,* 52 Fed. 264, 3 C. C. A. 73, 17 L. R. A. 804; *Chicago etc. R. Co. v. Caulfield,* 63 Fed. 396, 11 C. C. A. 552; *Kansas etc. R. Co. v. Dalton,* 65 Kan. 661, 70 Pac. 645; *Mitchell v. Rochester R. R. Co.,* 151 N. Y. 107, 56 Am. St. Rep. 604, 45 N. E. 354, 34 L. R. A. 781; *Haile's Curator v. T. & P. R. R.,* 60 Fed. 557, 9 C. C. A. 134, 23 L. R. A. 774; *Ewing v. Pittsburg etc. R. R.,* 147 Pa. St. 40, 30 Am. St. Rep. 709, 23 Atl. 340, 14 L. R. A. 666; *Spade v. Linn & B. R. Co.,* 166 Mass. 285, 60 Am. St. Rep. 393, 47 N. E. 88, 38 L. R. A. 512; 8 Am. & Eng. Ency. of Law, 664; *Ward v. Railroad Co.,* 65 N. J. L. 383, 47 Atl. 561; *Sanderson v. Railroad Co.,* 88 Minn. 162, 97 Am. St. Rep. 509, 92 N. W. 542, 60 L. R. A. 403; *Bucknam v. Railroad Co.,* 76 Minn. 373, 79 N. W. 98; *Keyes v. Railroad Co.,* 36 Minn. 290, 30 N. W. 888; *Turner v. Great Northern R. R.,* 15 Wash. 213, 55 Am. St. Rep. 883, 46 Pac. 243; *Nelson v. Crawford,* 122 Mich. 466, 80 Am. St. Rep. 577, 81 N. W. 335; *Gatzow v. Buening,* 106 Wis. 1, 80 Am. St. Rep. 17, 81 N. W. 1003, 49 L. R. A. 475.)

Plaintiff and his wife have already prosecuted an action for the recovery of damages on account of the same wrongful acts alleged in the complaint in this action. But one wrongful act being involved, and the damages being community property, the plaintiff could not split his cause of action and bring one action for damages on account of injury to Mrs. Lindsay and her consequent loss of time, and then bring another action for his wrongful expulsion from the train, and ask for damages on account of his anxiety concerning the condition of Mrs. Lindsay, and further, for damages for his loss of time and his wrongful expulsion. (*Giffen v. City of Lewiston*, 6 Idaho, 231, 55 Pac. 545.)

It was the court's duty to instruct the jury that the wrongful acts must have been committed in the manner described in the complaint—that is, that said acts must not only be wrongful, but willfully wrongful. (*Rideout v. Winnebago Traction Co.*, 123 Wis. 297, 101 N. W. 672, 69 L. R. A. 601; *Louisville etc. R. R. Co. v. Johnson*, 79 Ala. 436; *Birmingham Mineral R. R. Co. v. Jacobs*, 92 Ala. 187, 12 L. R. A. 830; *Highland Ave. & Belt R. R. Co. v. Wim*, 93 Ala. 306, 9 South. 509.)

A. B. Gough and J. C. Rich, for Respondent.

The complaint states "the facts constituting the cause of action in ordinary and concise language" as required by the code. It is alleged that certain wrongful acts were committed by the brakeman on this train, and that he was the agent and employee of the defendant company. (6 Cyc. 547, 627; 15 Ency. of Pl. & Pr. 15, 1132, 1133.)

A brakeman has authority, if not directly, at least by implication, to expel a passenger from a train. (Patterson on Railway Accidents, sec. 11; 6 Cyc. 561.)

Mental suffering or nervous shock may be recovered for whenever it is the natural and proximate result of the wrong done, if such wrong gives the party a cause of action. (Sutherland on Damages, 4th ed., sec. 943; Moore on Carriers,

pp. 887, 888; 5 Am. & Eng. Ency. of Law, 707; 8 Am. & Eng. Ency. of Law, 2d ed., 669.)

The plaintiff had a right of action for being expelled from the train; hence he can recover for his anxiety on account of thus being separated from his wife. (*Vogel v. McAuliffe,* 18 R. I. 791, 31 Atl. 1; *Alabama etc. R. R. Co. v. Sellers,* 93 Ala. 9, 30 Am. St. Rep. 17, 9 South. 375; *Procter v. Railway Co.,* 130 Cal. 20, 62 Pac. 306.)

SULLIVAN, J.—This action was brought to recover damages on account of the alleged wrongful expulsion of the respondent from one of the appellant's passenger trains at Dewyville, Utah, on or about the nineteenth day of August, 1905. The respondent alleges, among other things, that in the morning of that day he with his wife, who was ill, went to the station at Dewyville for the purpose of taking passage upon appellant's passenger train for his home at Montpelier, Idaho; that he had a ticket which entitled him to a passage on that train; that he boarded the train, and as he approached the door of one of the coaches thereof the brakeman thereon, an agent and employee of the appellant company, did "maliciously, wantonly, willfully, negligently and wrongfully" order respondent off of said train, and placed himself between respondent and the door of said coach and refused to permit him to enter said coach, or any coach; that he took hold of respondent's shoulder and turned him from said door, and commanded, and thus compelled him, to leave said train; that respondent's wife was a passenger on said train and was in a feeble, weak and helpless condition, and required his care and attention, of which fact he informed said brakeman. General damages in the sum of $975 and special damages in the sum of $25 were prayed.

Demurrer to the complaint was overruled and an answer was filed denying generally the allegations of the complaint. The cause was tried by the court with a jury and a verdict was rendered in favor of the respondent for the sum of $300, and a judgment entered thereon. An order denying a new trial was made and this appeal is from that order.

The first error assigned is that the court erred in overruling the demurrer to the complaint.

It is contended by counsel for appellant that it is necessary in such an action as this to allege that the servant was acting within the scope of his employment. Subdivision 2, section 4168, Revised Statutes, provides that the complaint must contain a statement of the facts constituting the cause of action in ordinary and concise language. It is alleged in the complaint that certain wrongful acts were committed by the brakeman, the agent and employee of the defendant company, on its train. It is sufficient under our practice act to allege in general terms that the injury complained of was occasioned by the negligence of the servant or employee of the carrier in charge of the train. (15 Ency. of Pl. & Pr. 1132; 6 Cyc. 547, 627.) The allegation is sufficient. Under other assigned errors the theory of the appellant is that the respondent voluntarily left the train at the suggestion of the brakeman, notwithstanding the fact that he had a ticket which entitled him to passage, and that his sick wife was on the train, who greatly required his care and attention. The said brakeman testified that he did not eject the respondent from the train, but the testimony of the respondent himself and two other witnesses convinced the jury that the brakeman did expel the respondent from the train. The defendant himself testified as follows: "I picked up my baggage and started to follow my wife into the car, and as I started to go in the brakeman slid in front of me and put his hand on my shoulder and whirled me around and says, 'Here, you had better get off.'" The sick wife testified as follows: "I heard loud talking on the outside of the coach, in the vestibule thereof, and there and then heard some person say, 'You had better get off this train.'" Another witness testified as follows: "The brakeman demanded him to get off and demanded him several times. Then Mr. Lindsay got off."

We think that the action of the brakeman fully justified the respondent in getting off the train rather than waiting until he was kicked off or forcibly put off.

It is contended by counsel for the appellant that the brakeman had no authority to expel a passenger, and for that reason was acting outside of his authority if he had expelled him, and the company would not be liable therefor. There is nothing in this contention, for the correct doctrine on this point is laid down in 3 Thompson on Negligence, section 3176; Patterson on Railway Accidents, section 111; 6 Cyc. 561. As stated in the last cited authority, it is the duty of the carrier to afford protection for its passengers, and if it has in its employ a brakeman who ejected a passenger from a train who was entitled to ride, the company is certainly liable.

There was certain evidence introduced as to the anxiety of the respondent on account of the condition of his wife. Counsel for appellant contend that this is not a legitimate item of damages; that damages cannot be recovered for mental distress and anxiety in this case, and cites a number of authorities sustaining that position. There is a clear distinction drawn in the cases as to what anxiety and mental suffering a plaintiff who is expelled or ejected by a common carrier may recover for, and we think the correct rule in cases like the one at bar is clearly stated in Moore on Carriers, page 887, as follows: ''Where a person has been wrongfully and unlawfully expelled or ejected by the carrier from a train or car, he may recover in an action against the carrier the amount of the fare to the place to which he was entitled to be carried, damages for the loss of time occasioned by the delay, and any other pecuniary loss necessarily caused thereby and proven to be a proximate result of the ejection, and a reasonable compensation for the indignity, humiliation, wounded pride and mental suffering involved in and resulting from such wrongful expulsion.''

Sutherland, in his work on Damages, volume 3, 4th edition, section 943, states the rule as follows: ''We conceive the correct rule to be that mental suffering or nervous shock may be recovered for whenever it is the natural and proximate result of the wrong done, if such wrong gives the injured party a cause of action.'' (See, also, 8 Am. & Eng. Ency. of Law, 2d ed., p. 669; 5 Am. & Eng. Ency. of Law, p. 707.)

If the plaintiff had a right of action for being expelled from the train on which he had taken his sick wife, we think it is clear that he can recover for his anxiety and mental suffering on account of thus being separated from her. The unwarranted act of the servant of the appellant was the direct and sole cause of such separation. As bearing on this question, see *Vogel v. McAuliffe,* 18 R. I. 791, 31 Atl. 1; *Alabama etc. R. R. Co. v. Sellers,* 92 Ala. 9, 30 Am. St. Rep. 17, 9 South. 375. In *Proctor v. Southern Cal. Ry. Co.,* 130 Cal. 20, 62 Pac. 306, it was held that a woman might recover for mental distress for being separated from her baggage. If this is the correct rule, we think that a husband might be entitled to recover for mental distress for being put off from a train on which he was traveling with his sick wife, and it is suggested by counsel for respondent that a man's wife ought to sustain as close and sacred relation to him as a woman's baggage to her.

Supplemental answer was filed in this case in which was set forth in substance *res adjudicata,* and in support of that plea upon the trial the appellant offered in evidence the judgment-roll in the case of George E. Lindsay and wife versus the Oregon Short Line Railroad Company, in which case a judgment had been rendered for the defendant. It appears that that was an action prosecuted by the plaintiffs to recover damages on account of the physical injury and pain and agony suffered by Mrs. Lindsay. This action arose from the fact of the unlawful ejection of the husband from the train, for which unlawful act this action is prosecuted by the husband himself. It is contended that but one wrongful act is involved, and the damages being community property, plaintiff could not split his cause of action and bring one action on account of damages to Mrs. Lindsay, and then bring another action for his own wrongful expulsion from the train.

It is made necessary by our statute for the husband to join with the wife in an action for damages for personal injuries to herself, where the proceeds recovered is community property, and it is conceded that whatever could have been recovered, if anything, in that action would have been com-

munity. (Rev. Stats., sec. 4093.) The wife, under that section, could not sustain her action to recover for personal injuries without joining her husband with her. This action the husband has brought on his own account for injuries sustained by himself, and the wife is not a proper party plaintiff in this action. The other action referred to, which was brought for injury to the wife, required judgment, if any, to run to both husband and wife, and in the case at bar the wife is not the necessary party. The wife, if she has a cause of action for personal injuries, must join her husband in the action; the husband, if he has a cause of action, need not join the wife in order to have judgment rendered in his favor. The court did not err in rejecting said judgment-roll, as the defendant's *res adjudicata* was not well taken or plead.

Other assignments of error go to the refusal of the court to give certain instructions requested by counsel for the appellant, to the effect that the acts complained of must not only have been wrongful and negligent under the pleading, but that they must have been willfully wrong. We do not think there is anything in this contention, as we are clearly of the opinion that under the allegations of the complaint the defendant might recover for ordinary negligence.

The refusal to give certain other instructions requested by counsel for the appellant is assigned as error, but after an examination of these instructions we are satisfied that the court did not err in refusing to give such instructions.

The giving of certain instructions by the court is assigned as error. We think that the court correctly stated the law in those instructions, and that there was no error in giving them.

Counsel for appellant insist that the court instructed the jury in substance that they might award punitive damages to the appellant. We hardly think that the instructions taken as a whole go to that extent, and we think there was no prejudicial error in giving those instructions. From the small amount of the verdict rendered, it does not indicate that the jury gave any punitive damages, and we think the

evidence fully justified the amount of the verdict rendered. The judgment is affirmed, with costs in favor of the respondent.

Ailshie, C. J., concurs.