(October 1, 1917.)

TIMOTHY DORE, as Special Deputy State Bank Commissioner of the LEADORE STATE BANK, Appellant, v. MORRIS H. COTTOM, Respondent.

[167 Pac. 1164.]

INSTRUCTIONS—CONFLICTING EVIDENCE—SUFFICIENCY OF.

    1. *Held,* that the instructions requested by appellant and refused, also the instructions given, disclose no error prejudicial to appellant.

    2. The evidence in this case is conflicting, and, under the theory upon which the case was tried, sufficient to support the verdict and judgment.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. James R. Bothwell, Presiding Judge.

Action to recover the par value of certain bank stock alleged to have been held by a stockholder of an insolvent state bank. Judgment for plaintiff. *Affirmed.*

E. W. Whitcomb, for Appellant.

The first subdivision of instruction No. 3 was wrong in requiring the plaintiff to prove that the defendant knew the bank was insolvent at the time of the transfer. The rule does not go that far, and the courts are uniform in holding that if actual knowledge cannot be known on the part of the defendant, then proof that he knew that the bank was in a failing condition, or that he had reason to believe that it was insolvent or about to fail, or words of equivalent meaning, would be sufficient. (*Bowden (Adams) v. Johnson,* 107 U. S. 251, 261, 2 Sup. Ct. 246, 27 L. ed. 386, 389; *Pauly v. State Loan & Trust Co.,* 165 U. S. 606, 623, 17 Sup. Ct. 465, 41 L. ed. 844, 851; *Germania Nat. Bank v. Case,* 99 U. S. 628, 25 L. ed. 448, 450; *Aultman's Appeal,* 98 Pa. St. 505; *Stuart v. Hayden,* 169 U. S. 1, 18 Sup. Ct. 274, 42 L. ed. 639, 641;

*McDonald v. Dewey*, 202 U. S. 510, 6 Ann. Cas. 419, 26 Sup. Ct. 731, 50 L. ed. 1128, 1133; *Cox v. Montague*, 78 Fed. 845, 849, 24 C. C. A. 364.)

Stevens & Clute and A. C. Cherry, for Respondent.

The jury is the judge of the facts, and its determination, so far as the facts are concerned, is final and conclusive; provided, there is some evidence to support the verdict of the jury. (*Lott v. Oregon Short Line R. Co.*, 23 Ida. 324, 130 Pac. 88; *Quirk v. Sunderlin*, 23 Ida. 368, 130 Pac. 374; *Denbeigh v. Oregon Wash. R. & Nav. Co.*, 23 Ida. 663, 132 Pac. 112.)

The instructions, as a whole, fairly submit the case to the jury, and in such case the verdict will not be disturbed. (*Lufkins v. Collins*, 2 Ida. 256, 10 Pac. 300.)

BUDGE, C. J.—This action was brought by the appellant as special deputy state bank commissioner, in charge of the affairs of the Leadore State Bank at Leadore, Idaho, against the respondent, who was one of the stockholders thereof, to recover the sum of one thousand dollars, or the par value of ten shares of stock alleged to have been held by him in said bank, together with interest thereon from the twenty-ninth day of May, 1915, that being the date payment of said sum was demanded. The cause was tried before a jury, who returned a verdict in favor of appellant for the par value of one share of stock and interest.

This appeal is from the judgment. It is the contention of the appellant that if certain evidence had not been admitted and the jury had been correctly instructed on the law of the case, a verdict would have been returned for the full value of the ten shares.

We have examined the instructions requested by appellant and refused, and also the instructions given, and find no error with respect to either, prejudicial to appellant. The other assignments of error relied upon by appellant have been examined, but in view of the record in this case they are

without merit.   The evidence is conflicting, but under the theory upon which the case was tried is sufficient to support the verdict and judgment.

Finding no prejudicial error in the record, the judgment of the trial court is·affirmed.   Costs awarded to respondent.

Morgan and Rice, JJ., concur.