(October 3, 1918.)

# LOUIS LABONTE and JOSEPHINE M. LABONTE, His Wife, Respondents, v. R. M. DAVIDSON, Appellant.

### [175 Pac. 588.]

PERSONAL INJURIES—DAMAGES—COMMUNITY PROPERTY—HUSBAND AND WIFE—PLEADING—EVIDENCE—MISCONDUCT OF COUNSEL—IMPEACHMENT.

1. The right to sue for damages for personal injuries to a married woman is a chose in action and is community property of which her husband has the management and control. In such a case he is the only necessary party plaintiff and may sue, in one action, to recover damage for her personal injuries and for expenses incurred for medical attendance and hospital fees by reason thereof.

2. Where it is desired to attack a complaint upon the ground that two causes of action are therein stated in one count, the proper procedure is by motion to require the plaintiff to separately state his causes.

3. A marriage may be proven by the testimony of one of the parties to it.

4. Although no damage is claimed by reason of loss of earning capacity, testimony touching the physical ability of the injured party to perform labor is competent as tending to show the extent of the injury.

5. Where counsel for respondent, in addressing the jury, makes improper remarks to which opposing counsel objects, which objection is sustained, there is no ruling of the trial judge prejudicial to appellant, and the incident presents nothing to this court for review.

6. Evidence of specific acts of misconduct on the part of a witness are inadmissible for purposes of impeachment.

[As to actions by husband or wife for injuries to the other, see note in 48 Am. Dec. 619.]

APPEAL from the District Court of the Third Judicial District, of Ada County. Hon. Carl A. Davis, Judge.

Action for damages. Judgment for plaintiffs. *Affirmed.*

Givens & Barnes and Wyman & Wyman, for Appellant.

The husband was entitled to maintain a separate action to recover for medical attendance, loss of service and of the

society of his wife. (*Ohio & M. Ry. Co. v. Cosby,* 107 Ind. 32, 7 N. E. 373; *Indiana Union Tract. Co. v. McKinney,* 39 Ind. App. 86, 78 N. E. 203; *Efroymson v. Smith,* 29 Ind. App. 451, 63 N. E. 328; *Birmingham etc. Ry. Co. v. Lintner,* 141 Ala. 420, 109 Am. St. 40, 3 Ann. Cas. 461, 38 So. 363; *Denver Consol. Tramway Co. v. Riley,* 14 Colo. App. 132, 59 Pac. 476.)

Evidence of expenses for medical services in a joint suit by husband and wife is inadmissible. (*Louth v. Thompson,* 1 Penne. (Del.) 149, 39 Atl. 1100; *Lindsay v. Oregon Short Line R. Co.,* 13 Ida. 477, 90 Pac. 984, 12 L. R. A., N. S., 184.)

Several distinct causes of action were stated in one count, contrary to the rule laid down by this court. (*Jones v. City of Caldwell,* 20 Ida. 5, 116 Pac. 110, 48 L. R. A., N. S., 119; *Fox v. Rogers,* 6 Ida. 710, 59 Pac. 538; *Kruger v. St. Joe Lumber Co.,* 11 Ida. 504, 83 Pac. 695; *Skoglund v. Minneapolis St. Ry. Co.,* 45 Minn. 330, 22 Am. St. 733, 47 N. W. 1071, 11 L. R. A. 222.)

A statement by counsel of a fact not in evidence will entitle his adversary to a new trial, though on exception being taken to the statement the court sustained the exception, and instructed the jury to disregard the statement, unless it appears from the record that the decision of the jury was not affected by the admitted wrong. (*Bullard v. Boston etc. R. R. Co.,* 64 N. H. 27, 10 Am. St. 367, 5 Atl. 838; *Tucker v. Henniker,* 41 N. H. 317, 322; *Jordon v. Wallace,* 67 N. H. 175, 32 Atl. 174; *Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635; *Petajaniemi v. Washington Water Power Co.,* 22 Ida. 20, 124 Pac. 783; *Powers v. Boise City,* 22 Ida. 286, 125 Pac. 194; *McLean v. Hayden Creek Min. etc. Co.,* 25 Ida. 416, 138 Pac. 331.)

Compensatory damages in the sum of $5,000 are excessive because, in the first place, it was not shown that Mrs. Labonte was permanently injured, and, in the second place, there was no evidence showing that her injuries came from any acts on the part of the defendant, R. M. Davidson.

In the following cases, the injuries inflicted were much more severe and the circumstances much more aggravated

than in the case at bar, and yet the damages allowed were much less than the damages allowed here: *Plonty v. Murphy,* 82 Minn. 268, 84 N. W. 1005; *Faulkner v. Davis* (Ky.), 38 S. W. 1049; *Ehat v. Scheidt,* 17 Cal. App. 430, 120 Pac. 49; *McGee v. Vanover,* 148 Ky. 737, Ann. Cas. 1913E, 500, 147 S. W. 742; *Singer Sewing Mach. Co. v. Phipps,* 49 Ind. App. 116, 94 N. E. 793; *Clark v. Aldenhoven,* 26 Colo. App. 501, 143 Pac. 267.

S. L. Tipton, and E. J. Dockery, for Respondents.

"Although no damage is claimed because of the loss of employment, evidence showing that plaintiff suffered inconvenience and pain after the accident in attempting to perform his work, is competent as tending to show his physical injury and suffering." (*Graham v. Coeur d'Alene etc. Transp. Co.,* 27 Ida. 454, 149 Pac. 509.)

"A judgment should never be reversed by reason of misconduct of counsel at the trial, unless the appellate court is of the opinion such misconduct has prevailing influence upon the jury to the detriment of appellant. (*Theriault v. California Ins. Co.,* 27 Ida. 476, Ann. Cas. 1917D, 818, 149 Pac. 719; *Burdick v. Haggert,* 4 Dak. 13, 22 N. W. 589; *Lee v. State,* 116 Ga. 563, 42 S. E. 759; *Kinna v. Horn,* 1 Mont. 597; *Barr v. Post,* 56 Neb. 698, 77 N. W. 123; *Daniel v. Weeks,* 90 Mich. 190, 51 N. W. 273.)

The fact of marriage may be established by oral testimony of persons who were present at the ceremony. (8 Ency. of Evidence, 465; Wigmore on Evidence, sec. 1336; Wharton's Criminal Evidence, 10th ed., sec. 170, p. 403; *Boling v. State,* 91 Neb. 599, 136 N. W. 1078; *Watson v. Lawrence,* 134 La. 194, Ann. Cas. 1916A, 651, and note, 653, 63 So. 873, L. R. A. 1915E, 121.)

The testimony of either of the parties to the marriage is admissible to prove the marriage. (*In re Richards,* 133 Cal. 524, 65 Pac. 1034; *Henry v. McNealey,* 24 Colo. 456, 50 Pac. 37; *Smith v. Fuller,* 138 Iowa, 91, 115 N. W. 912, 16 L. R. A., N. S., 98; *Commonwealth v. Hayden,* 163 Mass. 453, 47 Am.

St. 468, 40 N. E. 846, 28 L. R. A. 318; *Eisenlord v. Clum,* 126 N. Y. 552, 27 N. E. 1024, 12 L. R. A. 836; *Baughman v. Baughman,* 29 Kan. 283.)

MORGAN, J.—Respondents, husband and wife, in their complaint charged, in one count, that appellant maliciously committed battery upon the wife by striking her with his fist, and causing her to fall against the corner of a table, whereby she was permanently injured, and that the husband became obligated for medical attendance and hospital fees. The relief demanded was $10,000 actual damages, $3,000 exemplary damages, and $600 for the expenses mentioned. From a judgment for respondents for $5,000 actual damages and $600 because of said expenses, and from an order denying a new trial, this appeal is taken.

Appellant demurred to the complaint for the reason that it improperly united a cause of action, in favor of the husband and wife, for injuries to the wife, with a cause of action, in favor of the husband only, for expenses. The demurrer was overruled, and motions to require respondents to elect between the causes of action, and to strike, were denied.

There is some conflict in the authorities upon this point arising, largely, from broadly divergent statutory provisions in the several states governing the property rights of husband and wife, and the powers of married women as parties litigant. Approaching this question it must be borne in mind this is a community property state and has the following statutory provisions:

Sec. 2676. "All property of the wife owned by her before marriage, and that acquired afterwards by gift, bequest, or descent, or that which she shall acquire with the proceeds of her separate property, shall remain her sole and separate property, to the same extent and with the same effect, as the property of a husband similarly acquired."

Sec. 2679. "All property owned by the husband before marriage, and that acquired by gift, bequest, devise or descent is his separate property."

Sec. 2680. "All other property acquired after marriage by either husband or wife, including the rents and profits of the separate property of the husband and wife, is community property, unless by the instrument by which any such property is acquired by the wife it is provided that the rents and profits thereof be applied to her sole and separate use; in which case the management and disposal of such rents and profits belong to the wife, and they are not liable for the debts of the husband."

The right to sue in this case was a chose in action and, by the statutory provisions above quoted, is made community property. Rev. Codes, sec. 2686, amended by Sess. Laws, 1913, chap. 105, p. 425, and by Sess. Laws, 1915, chap. 75, p. 187, provides that the husband has the management and control of the community property, except the earnings of the wife for her personal services and the rents and profits of her separate estate. He is, therefore, the only necessary party plaintiff in a case of this kind and may, in his own name, without joining his wife, sue to recover damages for her personal injuries and for expenses incurred for medical attendance and hospital fees by reason thereof. (*Holton v. Sand Point Lumber Co.*, 7 Ida. 573, 64 Pac. 889; *Ezell v. Dodson*, 60 Tex. 331; *San Antonio Street Ry. Co. v. Helm*, 64 Tex. 147; *Gallagher v. Bowie*, 66 Tex. 265, 17 S. W. 407; *Hawkins v. Front-Street Cable Ry. Co.*, 3 Wash. 592, 28 Am. St. 72, 28 Pac. 1021, 16 L. R. A. 808.)

In *Giffen v. City of Lewiston*, 6 Ida. 231, 55 Pac. 545, a case arising out of personal injury to the wife, where it was contended that damages for her loss of ability to labor could only be recovered by the husband in a separate action brought for that purpose, this court held that any damage, general or special, recovered by the husband during the marital relation for loss of time or capacity by the wife, in such a case, was community property, and incidentally stated the rule to be that both husband and wife are necessary parties. The latter holding is not the law.

In *Lindsay v. Oregon etc. Ry. Co.*, 13 Ida. 477, 90 Pac. 984, 12 L. R. A., N. S., 184, it is said that the husband must be

joined with the wife in a suit for damages for her personal injury, because judgment recovered, if any, would be community property. That case does not decide, and the question was not before the court, whether the husband could maintain the suit alone.

In *Sheldon and Wife v. Steamship Uncle Sam*, 18 Cal. 527, 79 Am. Dec. 193, the supreme court of California held that the husband and wife must join in an action because of injuries sustained by her and that he must sue alone for expenses incurred thereby. The court did not discuss the community property feature of the question, nor give any reason for so holding other than that it is in accord with the common law. Following that decision that court decided, in *Matthew v. Central Pac. R. R. Co.*, 63 Cal. 450, that in an action to recover damages for her personal injury the cause of action belongs to the wife, and that the cause of action for expenses growing out of the injury belongs to the husband and cannot be joined with that of the wife, and the same may be said of *Tell v. Gibson*, 66 Cal. 247, 5 Pac. 223. In deciding these cases that court seems to have overlooked the fact that California had statutory provisions like ours which made damages arising from personal injuries to the wife community property, of which the husband had the management and control, and the further fact that there was no community property known to the common law, hence its rules could have no application to the matter before the court.

In *McKune v. Santa Clara Valley Mill & Lumber Co.*, 110 Cal. 480, 42 Pac. 980, wherein recovery was sought for personal injury to the wife, coupled with a claim by the husband for expenses growing out of it, the California court recognized the claim of damage, by reason of the injury, to be community property, but adhered to the rule stated in the decisions above cited, holding that this class of cases forms an exception to the rule that the husband alone is the proper party plaintiff in suits involving community property, and that the wife must be joined with him in these actions.

No sound reason can be found for any such exception. In this case the $5,000 recovered for injuries to the wife is an

asset of the community fund, of which the husband has management and control. The $600 expense contracted as a result of her injury is a liability against the same fund, and we are unable to discover any reason why these items should be the subjects of two separate actions. The demurrer and motions were properly overruled.

The complaint commingled two causes of action, not inconsistent, in one count. The proper procedure in such event is by motion to require plaintiff to separately state his causes (*Darknell v. Coeur d'Alene etc. Transp. Co.*, 18 Ida. 61, 108 Pac. 536), and is not by demurrer, or motion to strike out or to compel the pleader to elect. The cases of *Fox v. Rogers*, 6 Ida. 710, 59 Pac. 538, and *Jones v. City of Caldwell*, 20 Ida. 5, 116 Pac. 110, 48 L. R. A., N. S., 1021, so far as they hold to the contrary, are, in that respect, overruled.

The evidence submitted to the jury being sufficient, if uncontradicted, to prove the allegations of the complaint and to support the verdict, the latter will not be disturbed because of conflict. (*Raft River Land & Livestock Co. v. Laird*, 30 Ida. 804, 168 Pac. 1074.)

It is alleged in the complaint that respondents are husband and wife, and both testified to their marriage in Portland, Oregon; to the birth of their two children, and that they had lived together in Oregon and Idaho since their wedding. Appellant, as part of his defense, called as a witness one of the official custodians of the marriage records of Multnomah County, in which Portland is situated, who testified that in an inspection of such records he found no mention of a marriage between Louis Labonte and Josephine M. Labonte, during the year given by them as that of their marriage. Thereafter, over the objection of appellant, Mrs. Labonte and another witness testified that respondents were married under the name of Clement, that Labonte was one of the Christian names of the husband; that while in Oregon they had been known by both the names, Labonte and Clement, but in Boise had at all times used the name Labonte. The presumption of law is in favor of the validity of a marriage (*Huff v. Huff*, 20 Ida. 450, 118 Pac. 1080), and the direct testimony of re-

spondents was sufficient to establish, *prima facie,* their relation of husband and wife. Marriage may be proven by the testimony of one of the parties. (*Watson v. Lawrence,* 134 La. 194, Ann. Cas. 1916A, 651, and note, 63 So. 873, L. R. A. 1915E, 121.) It was not error to permit respondents to explain the apparent absence of record evidence of their marriage, by showing the name under which it was consummated, for appellant's evidence as to the contents of the Oregon records was negative only, and did not conclusively disprove· the marriage nor, for that matter, preclude the existence of a record of it.

Appellant's contention that he was taken by surprise by such testimony is met by the affidavit of one Grimand to the effect that long previous to the trial he informed Dirks, a codefendant of appellant, who was represented by the same counsel and who joined in the answer, that respondents were known in Portland and in Joseph, Oregon, by both the name Clement and Labonte. This affidavit was not denied, and upon the hearing of the motion for a new trial the judge apparently concluded, as, in his discretion, he had a right to do, that the contention of surprise was not established.

Testimony was admitted touching the physical ability of Mrs. Labonte to perform labor before and after her injury. Though she claimed no damage for loss of employment, and her husband none for loss of her services, such evidence was competent as tending to show the extent of her injury and suffering. (*Graham v. Coeur d'Alene etc. Transp. Co., Ltd.,* 27 Ida. 454, 149 Pac. 509.)

Counsel for respondents, upon argument to the jury, called attention to the wealth of appellant and contrasted it with the poverty of respondents. To these remarks appellant's attorney made objection, immediately after their utterance, on the ground that the evidence did not disclose the financial situation of either of the parties. The objection was sustained. The statements are here assigned as error and as constituting prejudicial misconduct of counsel. The record presents no exception upon which appellant may predicate error in this connection. No motion to strike the alleged im-

proper remarks or to instruct the jury to disregard the same, or to dismiss the jury because of the prejudicial statements, was made and denied. Appellant contented himself with an objection which was sustained. There was no ruling of the trial judge adverse to him and the incident presents nothing to this court for review. (*Palcher v. Oregon Short Line R. Co., ante,* p. 93, 169 Pac. 298.)

Appellant complains of an instruction to the effect that if the jury found that he acted maliciously and violently, exemplary damages might be allowed. The verdict contained an award of $5 exemplary damages which, whether .correctly or not, was later set aside by the trial judge. It is thus apparent that the giving of the instruction worked no harm to appellant.

The instructions of the court, taken as a whole, presented the law of the case without prejudice to appellant, and substantially embodied the requests of counsel for special instructions. They afford no reason for disturbing the verdict. (*Saccamonno v. Great Northern Ry. Co.,* 30 Ida. 513, 166 Pac. 267; *Dore v. Cottom,* 30 Ida. 696, 167 Pac. 1164; *State v. Curtis,* 30 Ida. 537, 165 Pac. 999.)

Mrs. Labonte, at the time of the trial, was twenty-three years old, the mother of two small children, and was in good health previous to the injury, which occurred while she was pregnant. The evidence shows that her injuries are ''permanent and progressive.'' An award of $5,000 damages is not excessive.

In support of the motion for a new trial upon the ground of newly discovered evidence, appellant filed affidavits to the effect that respondent Louis Labonte had made certain statements and suggestions derogatory, not only to the character of his wife, but, by inference, to his own. This evidence of specific instances of misconduct is evidently intended to discredit him as a witness. That form of impeachment is prohibited by Rev. Codes, sec. 6082. The evidence is inadmissible and furnishes no reason for granting a new trial.

We find no prejudicial error in the record. The judgment and order appealed from are affirmed. Costs are awarded to respondents.

Rice, J., concurs.

BUDGE, C. J., Dissenting.—This action was brought by respondents primarily to recover damages for personal injuries sustained by the wife of the respondent, Louis Labonte, and in the same count to recover for moneys expended for medical attendance, nursing and hospital fees.

There is a misjoinder of causes of action and a misjoinder of parties plaintiff under the former holdings of this court (*Giffen v. City of Lewiston*, 6 Ida. 231, 55 Pac. 545; *Lindsay v. Oregon Short Line R. Co.*, 13 Ida. 477, 90 Pac. 984, 12 L. R. A., N. S., 184), and the demurrer to the complaint upon these grounds should have been sustained.

An action to recover damages for personal injuries sustained by the wife must be prosecuted, under the laws of this state, by the husband and wife. (*Giffen v. City of Lewiston, supra; Lindsay v. Oregon Short Line R. Co., supra.*) In the case of *Giffen v. City of Lewiston*, which was an action brought by John Giffen and his wife to recover damages for personal injury, this court, at p. 245 of 6 Ida., says: "In the case at bar, both husband and wife are necessary parties. The judgment should run to both. The damages, after recovery thereof, become the common property of both. But should the marital relation terminate, either by death or otherwise, the wife would be entitled to recover for such injuries, and any damages so recovered by her after the termination of the marital relation would belong to her exclusively." And again at p. 250, the court says: "The verdict of the jury was in favor of the plaintiff, Mary Giffen, alone. This was erroneous. The court should have instructed the jury to have amended their verdict so as to find in favor of the plaintiffs, and both of them; and the judgment, whether the verdict was amended or not, should have been that the plaintiffs, John Giffen and Mary Giffen, recover, etc." Also in the case

of *Lindsay v. Oregon Short Line R. Co., supra;* this same question received the consideration of this court, wherein it appeared that in a former action brought by Lindsay and his wife to recover damages for injuries sustained by the latter, judgment was in favor of the defendant railroad company. Later, the husband brought an action for injuries sustained by him. The defendant railroad company pleaded, among other things, *res judicata.* The trial court rejected the evidence offered in support of this defense, and upon an appeal from the judgment in favor of Lindsay this court sustained the ruling of the trial court, and, in discussing the question, said: "It is made necessary by our statute for the husband to join with the wife in an action for damages for personal injuries to herself, where the proceeds recovered is community property, and it is conceded that whatever could have been recovered, if anything, in that action would have been community."

Under statutes identical with ours, the supreme court of California, in the case of *Sheldon and Wife v. Steamship Uncle Sam,* 18 Cal. 527, 79 Am. Dec. 193, held that: "Husband and wife must join in an action for an injury done to the person of the latter." In *Tell v. Gibson,* 66 Cal. 247, 5 Pac. 223, an action almost identical with the one now under consideration, the husband and wife brought suit to recover damages for personal injuries sustained by the latter, and it was sought to recover for money expended for medical attendance, care and nursing during the illness of the wife as a result of the injuries so sustained. A demurrer was interposed upon the ground that several causes of action, viz., for the personal injuries to the wife and for money expended for medical attendance and nursing were improperly joined. The demurrer was overruled. The supreme court held that it should have been sustained, and stated that: "It is a well-settled rule of law that if a wife is injured in person or property she cannot sue for redress without her husband's concurrence, and in his name as well as her own. . . . . For consequential injuries to himself, the husband may sue alone; for the direct injury to the wife, husband and wife must sue, and

the two causes of action cannot be joined in one suit. . . . . 'If physicians' bills, medicines and expenses of nursing were incurred, the husband would be liable for their payment.' ''

It was urged in that case that the error in overruling the demurrer was error without injury, because at the trial plaintiffs offered no evidence of expenses incurred for medical attendance and nursing. An examination of the case discloses that it was understood that all the allegations in the complaint with reference to expense incurred for medical attendance and nursing, were stricken out, but upon the trial certain questions were asked the plaintiff, in answer to which she testified as to her inability to take care of herself and do her own work, which questions were predicated, in part at least, upon the loss of services of the wife, and evidence was submitted to the jury as to the elements of damages for injuries consequential upon the injury for which the husband alone could maintain an action. For the foregoing reasons the appellate court reversed the cause.

In the instant case evidence was not only received to support the allegations of the complaint for damages for personal injuries to the wife, but also to support the allegation in the complaint for the recovery of moneys expended for medical care, nursing, etc. This was clearly error. The supreme court of California, in holding that an action for personal injuries to the wife must be brought in the name of the husband and the wife, had clearly in mind the statutory provisions of that state relating to community property, and makes special reference thereto. In *McFadden v. Santa Ana etc. Ry. Co.*, 87 Cal. 464, 25 Pac. 681, 11 L. R. A. 252, which was also an action for personal injuries sustained by the wife, that court, at p. 467 (of 87 Cal.) says: ''The right to recover damages for a personal injury, as well as the money recovered as damages, is property, and may be regarded as a chose in action, . . . . and if this right to damages is acquired by the wife during marriage, it, like the damages when recovered in money, is, in this state, community property of the husband and wife (Civ. Code, secs. 162–164, 169), of which the husband has the management, control and absolute

power of disposition other than testamentary. (Civ. Code, sec. 172.) Consequently, the wife cannot sue alone for damages on account of an injury to her person as she is permitted to do 'when the action concerns her separate property.' (Civ. Code, sec. 370; *Tell v. Gibson,* 66 Cal. 247, 5 Pac. 223.) In these respects our codes differ from the laws of those states in which the cases cited by appellants were decided, wherein the right to recover for a personal injury to the wife, and the money recovered, are deemed her separate property.'' It was held in *McKune v. Santa Clara Valley Mill & Lmbr. Co.,* 110 Cal. 480, 42 Pac. 980, that, the action being primarily for the recovery of damages for injuries to the wife, the right of action and the damages were community property, over which the husband had the control and management and right to disposition except testamentary, and the two causes of action could not be united; that in the former action the wife was a necessary party and must be joined with her husband; that the husband had a separate action for consequential damages to him for his wife's injuries, in which were included all expenses incurred looking to her recovery, and that the complaint was open to demurrer for improper joinder of causes of action.

These authorities are clear to the effect that there is one cause of action in favor of the husband and wife, jointly, for injuries to the wife, in which both must join, and another cause of action in favor of the husband alone for expenses to which he has been put in connection with the treatment of his wife, in which the wife would not be a proper party. Evidence of expenses incurred for medical service in joint suit by husband and wife is inadmissible. (*Louth v. Thompson,* 1 Penne. (Del.) 149, 39 Atl. 1100.)

As will be observed, the rule of law to which attention has been called was declared by the supreme court of California long prior to the adoption by this state of identical statutes. These California decisions were followed by this court in the cases cited above. For twenty years the rule has been regarded as settled that a husband and wife must sue jointly for personal injuries to the latter, and that the husband may

maintain an action for all consequential damages, to which action the wife is not a proper party. The policy of the law being thus established, it should not be changed in the absence of legislation prescribing a different rule.

There is one other assignment of error to which reference will be made, i. e., the insufficiency of the evidence to support the verdict. No useful purpose would be served in setting out in detail the particulars wherein the evidence fails to justify the verdict, but my examination of the evidence and the surrounding circumstances leads me to the conclusion that there is a total lack of substantial evidence to warrant the jury in finding that appellant struck Mrs. Labonte and that by reason thereof she sustained injuries.

In my judgment the verdict should be set aside and a new trial granted.