[No. 2,270.]

BERNARDINO SANCHEZ *v.* MICHAEL NEARY ET ALS.

DEED FROM SUTTER TO SUTTER, JR.—The deed of the 14th day of October, 1848, from John A. Sutter to his son John A. Sutter, Jr., and recorded in Book " C " of deeds, in the office of the County Recorder of the County of Sacramento, includes the site of the City of Sacramento.

MOTION FOR NONSUIT.—If the defendant in ejectment moves for a nonsuit, and intends to rely on the point, that a deed offered in evidence by the plaintiff, and which was admitted without objection, does not include the demanded premises, he should distinctly so state in his motion.

PRESUMPTION THAT A DEED CONTAINS DEMANDED PREMISES.—In ejectment to recover lot number five, in the square bounded by L and M and Fourth and Fifth streets, in the City of Sacramento, if the plaintiff offers in evidence a deed, conveying the south half of sixteen blocks, between Fourth and Eighth and M and I streets, in the City of Sacramento, excepting lots six and eight, between Fourth and Fifth streets and J and K streets, and lots five and eight, between Fourth and Fifth and K and L streets, and lot eight, between Fourth and Fifth and L and M streets, and lots seven and eight, between Fourth and Fifth and I and J streets—the lots conveyed being fifty-eight in number—there is enough on the face of the deed to raise the presumption that it includes the lot sued for, without other evidence.

Appeal from the District Court of the Sixth Judicial District, Sacramento County.

This was an action of ejectment. The Court below granted a nonsuit, and the defendant appealed.

The other facts are stated in the opinion.

*A. P. Catlin,* for Appellant.

The grounds of the motion for nonsuit were, that the plaintiff had failed to show that the demanded premises were included in any of his deeds, or in the grant, or patent. The objection is, in substance, that neither the grant, the patent, nor the deed of 1848 embraced the City of Sacramento. The objection is too general to raise a point against any particular defect in the descriptive portion of any particular one of the mesne conveyances. " The party must lay his finger upon the point of his objection." (*Kiler* v. *Kimball,* 10 Cal. 267; *McGarrity* v. *Byington,* 12 Cal. 429.) " A party moving for a nonsuit should state in his motion precisely the grounds upon which he relies, so that the attention of the Court and the opposite counsel may be particularly directed to the supposed defects in the plaintiff's case." (*People* v. *Banvard,* 27 Cal. 470.)

But, assuming that the objection is specific enough, we hold that the deed is not affected by it, for the reason that other parts of the description upon the face of the deed show, not only that lot number five is in the south half of the block, but also that the block bounded by Fourth and Fifth and L and M streets is within the exterior bounds of the description, namely: within Fourth and Eighth and M and I streets.

*Henry Starr,* for Respondents.

The appellant goes upon the presumption, without evidence, that there are eight lots in a block, and the deed

purports to convey the south half of each block; yet in the blocks between Fourth and Eighth streets and I and M streets, it purports to except seven lots, and to sell fifty-eight. If there are but eight lots in a block this could not be, for there would be but fifty-seven left after excepting seven lots. Therefore, if fifty-eight were sold, there must be more than eight lots in a block, there being only the south half of the blocks sold. There is no extrinsic evidence in the case to show that lot five sued for lies in the south half of the block between L and M and Fourth and Fifth streets, which block lies in above described property, but whether in the south half or north half, or the east or west half, or whether there are eight or ten, or twelve or twenty lots in a block, does not appear, or whether the lot is in the deed or not.


By the Court, CROCKETT, J.:

The Court below erred in granting a nonsuit in this case. The action is to recover a lot in Sacramento City, and the plaintiff deraigns his title through mesne conveyances from John A. Sutter, to whom the premises were granted by the Mexican Government, and to whom they have been confirmed and patented by the Government of the United States. That the deed of the 14th October, 1848, from Sutter to his son, includes the site of the City of Sacramento, was decided by this Court in *Mayo* v. *Mazeaux*, 38 Cal. 442, and we see no reason to question the correctness of that decision. If the defendants intended to rely, in their motion for a nonsuit, on the ground that the deed from Sutter, Jr., to Brannan does not include the *locus in quo*, they should have distinctly so stated at the time. The grounds of the motion, as shown by the transcript, were: First, that the plaintiff had failed to show the title to the demanded premises to be in himself; second, that he had failed to show that said premises are included in any of the deeds offered in evidence, or in the

grant or patent to Sutter. The deed from Sutter, Jr., to
Brannan, was admitted in evidence without having been
objected to on the ground that it did not include the prem-
ises in controversy; and there is nothing in the record to
show that the attention of the Court or counsel was called
to the point now relied upon, to wit: that this particular deed
does not include this particular lot. On the contrary, it is
quite apparent, I think, that the point really made and decided
was that the grant to Sutter, and his deed of the 14th Octo-
ber, 1848, to his son, did not include the site of Sacramento
City, and, therefore, did not include the demanded premises.
But there is enough on the face of the deed itself to raise a
presumption that it includes these premises, which are de-
scribed in the complaint as lot number five, in the square
bounded by L and M and Fourth and Fifth streets, in the
City of Sacramento. The deed from Sutter, Jr., to Brannan,
conveys the south half of each of sixteen blocks, between
Fourth and Eighth and M and I streets, in the City of Sac-
ramento, excepting lots six and eight, between Fourth and
Fifth streets and J and K streets, and lots five and eight,
between Fourth and Fifth and K and L streets, and lot eight,
between Fourth and Fifth and L and M streets, and lots seven
and eight, between Fourth and Fifth and I and J streets—
the lots conveyed being fifty-eight in number. From these
recitals, the presumption is that the south half of each of
the blocks contained lots numbered five, six, seven, and
eight, inasmuch as lots thus numbered are excepted from
the conveyance, which purports to include only the south
half of the blocks. The deed certainly furnishes some evi-
dence that the lot in contest is situate in the south half of
the block bounded by Fourth and Fifth and L and M streets,
and is, therefore, included in the conveyance.

Judgment reversed, and cause remanded for a new trial.