[No. 12881. In Bank. — May 21, 1889.]

## C. A. LORING, RESPONDENT, v. M. A. STUART, APPELLANT.

NONSUIT — GROUNDS OF MOTION — APPEAL. — When it does not appear from the record on appeal that any grounds for a nonsuit were stated in the motion therefor, no error appears in overruling the motion.

HUSBAND AND WIFE — EARNINGS OF WIFE — SEPARATE PROPERTY. — When the husband leaves the wife, and lives in another county, on account of domestic infelicity, without expressing any intention to return, property acquired by her earnings while continuing to reside at their former place of residence is acquired while she is living separate from her husband, within the meaning of section 169 of the Civil Code, and is the separate property of the wife.

ID. — MORTGAGE BY WIFE OF SEPARATE PROPERTY — TENANCY IN COMMON — ESTOPPEL. — The wife may mortgage her separate property. If she owns an undivided interest in property purchased by her partly with her separate funds, and partly with community property, being a tenant in common in proportion to the separate funds paid by her, and mortgages the whole of the property thus acquired, her interest may be sold under the decree of foreclosure, and it does not lie in her mouth to object that the decree directs the sale of the whole property, and is therefore too broad.

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. M. Fulweiler*, for Appellant.

*Grove L. Johnson*, and *Wallace & Prewett*, for Respondent.

BELCHER, C. C. — Action to foreclose a mortgage. Defense that the defendant was a married woman when she executed the mortgage, and that the mortgaged property was community property, and the mortgage therefore void.

The court found that at the date of the mortgage, and for more than ten years prior thereto, defendant was the wife of one Robert Stuart, but that she and her husband had lived separate and apart from each other for nearly

two years, and that the mortgaged premises were the earnings of defendant while so living separate from her husband, and were her separate property. Judgment was entered foreclosing the mortgage, and from that judgment, and an order denying her a new trial, defendant appealed.

The only points made for a reversal are, that the court erred in not granting a nonsuit, and that the findings as to the defendant's living *separate* from her husband, and as to the mortgaged property being the earnings of defendant while so living, were not justified by the evidence.

1. It does not appear from the record that any grounds for the nonsuit were stated, and for that reason the first point cannot be sustained. It has long been settled that when a motion is made for a nonsuit without stating the grounds upon which it is made, it is not error to overrule the motion. (*Kiler* v. *Kimbal,* 10 Cal. 267; *People* v. *Banvard,* 27 Cal. 470; *Sanchez* v. *Neary,* 41 Cal. 485.)

2. There was testimony tending to show that the defendant had been living separate from her husband for nearly five years when the case was tried. It appeared that the parties were living together in Rocklin, Placer County, in April, 1883; that in that month he went away to Forest City, in Sierra County, and had ever since resided there; that she continued to live in Rocklin, and had kept boarders and done other work to support herself and children; that she had never visited him nor he her, though he had twice passed through Rocklin; that he had written several letters to her and the children, and had three or four times sent small sums of money to the children. He testified: "The immediate cause of my leaving Rocklin was domestic infelicity, and such infelicity has not been healed by reconciliation. I do not intend to resume intimate marital relations with my wife, but my intentions in that regard did not exist

on the 1st of January, 1885. It is only within the past six months that I fully determined in my own mind not to resume intimate marital relations with my wife again, but I have never ceased, nor do I intend to cease, performing my obligations to my family while I have strength to do so. I left my wife, and did not inform her when, if ever, I would return, and did not acquaint my wife about my future intentions as to living with her."

We think this shows a "separate" living within the meaning of section 169 of the Civil Code, and that the judgment cannot be reversed on this ground.

3. The defendant testified that in September, 1884, she made a contract to purchase the mortgaged premises for $300, and that she paid the purchase price, and took a deed for the property in her own name on the 9th of January, 1885; that she borrowed $225 of the purchase-money, and made the balance by keeping boarders; that she executed the note and mortgage in suit to secure payment of the $225 borrowed, and other money owing by her to the mortgagee.

Now, conceding that the borrowed money was community property, still it appears that a part of the purchase-money was the defendant's earnings and her separate estate. In *Schuyler* v. *Broughton*, 70 Cal. 282, it was held that real property purchased by a married woman in her own name, partly with money belonging to her separate funds, and partly with money borrowed by her for that purpose, becomes in part the separate property of the wife, and in part community property. In such a case, it was said the wife becomes a tenant in common of the land with her husband in the proportion that the separate funds paid by her bear to the whole purchase price. Under this rule, defendant owned at least a part of the mortgaged premises, and had a right to execute the mortgage.

This being so, whatever separate interest defendant

has in the property may be sold under the decree of foreclosure, and it does not lie in her mouth to object that the decree directs the sale of the whole property, and is therefore too broad.

We find no errors in the record, and advise that the judgment and order be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.