[Civil No. 3187.   Filed June 27, 1932.]

[12 Pac. (2d) 618.]

THE CITY OF PHOENIX, a Municipal Corporation, Appellant, v. BETTY DICKSON and WILLIAM DICKSON, Her Husband, Appellees.

Mr. Charles A. Carson, Jr., City Attorney, and Mr. James E. Nelson, Assistant City Attorney, for Appellant.

Mr. L. C. McNabb and Mr. O. B. De Camp, for Appellees.

ROSS, J.—Betty Dickson, claiming the defendant, city of Phoenix, negligently injured her while she was a passenger on one of its street-cars, brought this action to recover damages.

The complaint failed to disclose whether she was married or single. At the trial (October 3, 1931) it was developed that she was married and the mother of some minor children, whom she was supporting by her labors as a short order cook or waitress; that she had lived in and around Phoenix the past three or four years; that her husband, William Dickson, and she had lived separate and apart since 1925; that she had been informed by a sister that her husband, who was a resident of the state of Mississippi, had secured a divorce, but later learned that this was not true. The appellee's marital status being disclosed, her

counsel asked permission to amend her complaint by adding her husband as a party plaintiff. There is nothing in the record to show that the husband, either before the suit was brought or thereafter, knew appellee had been injured or had brought an action for damages. The court permitted the trial amendment, over objection of opposing counsel. Judgment was in favor of both the wife and husband. The city appeals.

The ruling allowing the trial amendment of the complaint is assigned as error.

Whether the wife may maintain an action for personal injuries sustained by her during coverture has not been decided in this state. In community property states like ours we think the holding has been quite uniform against such right, except where the wife has been wilfully deserted by the husband. This ruling has been based upon the community property law as adopted from Spain or upon local statutes making the husband the agent of the community in its management, control, and disposition. The right is predicated upon and is incidental to the husband's status as the head of the community. 31 C. J. 148, § 1234. Accordingly, the husband's right to sue for personal injuries to the wife during coverture has generally been upheld. 31 C. J. 149, § 1238. In some of the states this rule has been changed by the legislature so that the wife may, in consonance with her new status, prosecute a suit for tort in her own name. A wilful desertion of the wife by the conventional head of the community, so that its management and control automatically pass to the wife, has ever been regarded as creating an exception to the general rule, so that the wife could in such case sue alone to enforce community property rights. *Wright* v. *Hays*, 10 Tex. 130, 60 Am. Dec. 200. But in this case it is not shown whose fault it is that the husband and wife are not living together. For

aught the record shows, the blame may lie entirely with the wife.

Whether the wife can maintain the suit alone or not depends, as we see it, upon whose property the right of action is. If it belongs to the community, then the action should be in the name of the husband, or perhaps in his and the wife's name jointly; but, if the claim of damages against the city is her separate property, the action was properly brought in her name.

A claim for damages is a chose in action, and accordingly is properly classified as property. As was said in *Chicago, B. & Q. R. Co.* v. *Dunn*, 52 Ill. 260, 4 Am. Rep. 606:

"A right to sue for an injury, is a right of action—it is a thing in action, and is property."

The chose in action here accrued while the plaintiff and her husband were living separate and apart from each other. Our statute, section 2173 of the Revised Code of 1928, besides naming property acquired by the wife by gift, devise or descent, and the increase, rents, issues and profits thereof, as her separate property, states:

"The earnings and accumulations of the wife and of her minor children in her custody while she has lived or may live, separate and apart from her husband, shall be the separate property of the wife."

The property right here involved cannot be said to be "earnings" of the wife. That word, we take it, applies to any income accruing through the mental or physical efforts of a person, either as a laborer or in a trade or business or profession. "Accumulations," however, is broad enough to cover all these and all other property acquisitions of whatever nature, except acquisitions by gift, devise or descent.

The quotation from our statute is taken from California, and, in *Union Oil Co.* v. *Stewart*, 158 Cal.

149, Ann. Cas. 1912A 567, 110 Pac. 313, it was held that property acquired by the wife by adverse possession was an "accumulation," as that word is used in the text. The court there said:

"When one speaks generally of accumulation of property, he is understood to refer to any property which a person acquires and retains, without regard to the means by which it is obtained."

We approve of this definition. If the money paid in settlement of the claim would be an "accumulation," it seems the claim itself would be one.

We conclude that the claim for damages was, under the circumstances, the separate property of the wife, and why not? The injury did not accrue to the husband; "it was wholly personal to the wife. It was her body that was bruised; it was she who suffered the agonizing, mental and physical pain." *Chicago, B. & Q. R. Co.* v. *Dunn, supra.* Indeed, if the contention of counsel for appellant be upheld, the only safe way for a wife, living separate and apart from her husband and earning her and her children's living, to pursue in the vindication of her rights, is first to obtain her husband's consent to bring an action in his name. If he refuses to give his consent, or she is unable to locate him, she is without remedy. It was doubtless in part to prevent such an injustice that the legislature made her earnings and accumulations and those of her minor children in her custody, while living separate and apart from the husband, her separate property.

Section 2174, Revised Code of 1928, provides that married women shall have the sole and exclusive control of their separate property, and section 3729, Id., in effect authorizes the wife to prosecute actions alone when they concern her separate property.

Appellant complains that counsel for appellee in his argument to the jury commented on an offer to com-

promise made by appellant, but fails to point out in the record where such comment may be found or what action was taken thereon by the court. For that reason this assignment will not be considered.

The husband was not a necessary party. He had no interest in the subject matter, and, at all events, could not be made a party without his knowledge or consent.

The judgment should be modified by striking therefrom the name of the husband, William Dickson, and, as so modified, it is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.