**SIMS v. UNITED PACIFIC INS. CO.**

No. 1206.

District Court, D. Idaho, E. D.

Sept. 15, 1943.

Walter H. Anderson, of Pocatello, Idaho, for plaintiff.

J. F. Martin, of Boise, Idaho, and S. T. Lowe, of Burley, Idaho, for defendant.

SCHWELLENBACH, District Judge.

This action is brought upon the official bond of one Charles R. Lowe conditioned upon the faithful performance by Lowe of all the duties of his office as Medical Superintendent of the State School & Colony, Nampa, Idaho. The law requires that as such superintendent he shall " * * * control the patients, prescribe the treatment * * * of the school and colony." I.C.A. Sec. 64-407. The complaint alleges that plaintiff is an unfortunate six-teen year old boy whose mental faculties never developed and who is now and has been an inmate at the School. It charges that last year Lowe refused to examine him when plaintiff's mother pointed out that he was suffering from a spine injury and that, as a result of such neglectful refusal, the back injury became permanent neces-sitating the use of a brace and weights which deprive plaintiff of the comfort of his only activity; i. e., the pleasure of play-ing on his bed and on the floor. Defend-ant's motion to dismiss is based upon the theory of non liability of public officers in the performance of discretionary acts.

I cannot accept the philosophy of plaintiff's brief in which it is urged that this is an action on a contract which may be separated from a tort action against Dr. Lowe. The plaintiff has only one cause of action. It is true defendant's obligation, if any, arises out of its bond or contract. Defendant's liability, however, to this plain-tiff is based exclusively upon a claim of tort by defendant's principal. If the plaintiff be-lieves he is entitled to recover from Dr. Lowe in an amount in excess of the penalty on the bond, it behooves him now to join Dr. Lowe in this proceeding. Any claims plaintiff may have against Dr. Lowe would be merged in any judgment herein rendered. Restatement of the Law, Torts, § 897(c).

The issue raised by defendant's motion resolves itself into the question as to whether the doctor's refusal to make a diagnosis constituted a failure to perform a ministerial or a discretionary function. Clearly had the doctor made a diagnosis, any honest mistake in such diagnosis would not subject him or the defendant to liability. That, however, is not this case. The com-plaint, which I must accept as true, alleges that "said Lowe neglected, failed and re-fused to make any diagnosis or make any effort whatsoever to ascertain the cause of plaintiff's condition and it was discoverable ever since March, 1942, that there was something wrong with the plaintiff or that he was injured in some manner by the signs of suffering and pain on the plaintiff's face." The complaint also alleges that the plain-tiff's mother called the attention of Dr. Lowe to the condition of plaintiff and of-fered to pay him if he would ascertain the cause thereof. A ministerial duty is "one which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated; the duty to perform under the conditions specified not being de-pendent upon the officer's discretion." Meecham on Public Officers, Sec. 658. A ministerial duty "is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." State of Mississippi v. Johnson, 71 U.S. 475, 498, 4 Wall. 475, 498, 18 L.Ed. 437. The Statute of Idaho requires the superintendent to "prescribe the treatment." In order to pre-scribe the treatment, diagnosis is essential. The diagnosis itself involves a discretion-ary act. There are many malpractice cases against private physicians in which failure to diagnose before prescribing treatment is

held to constitute such neglect as to make the doctor liable. 41 Am.Jur. 209.

The precise question posed in this case was answered by the Supreme Court of Idaho in State v. American Surety Company of New York, 26 Idaho 652, 145 P. 1097, 1104, Ann.Cas.1916E, 209. There the action was upon the bond of the bank commissioner. The Statute provided that it was the duty of the commissioner, when he shall deem it necessary, to visit and make complete report of the affairs of each bank. The complaint alleged that the commissioner, "prior to the time and at the time it is claimed he should have closed said bank, had knowledge of its unsafe condition, that the same was being conducted contrary to the provisions of said Chapter XIII, Title 4 of the Civil Code of Idaho, being our banking law at that time, and that the books and accounts of said bank were being falsified; which should have caused him to deem it necessary to visit and make a complete examination of its affairs." The Idaho court held "that said bank commissioner abused his discretion and acted in bad faith when he did not deem it necessary, and willfully failed to examine said bank under the circumstances as alleged in the complaint;" and further held "that the facts alleged in regard thereto were sufficient to constitute a breach of the duty of the bank commissioner under section 3001, wherein it is provided that it shall be the duty of the bank commissioner, when he shall deem it necessary, to make an examination of state banks." The only distinction that can be made between the American Surety Company case and this case is the holding by the Idaho court as to the necessity of pleading that the acts were done "unfaithfully" and "wrongfully" or "in bad faith." That portion of the opinion, however, goes only to the question of pleading. The use of such a word or words to characterize Dr. Lowe's negligence would merely express a conclusion of the pleader and are, therefore, unnecessary. See Cheyne v. Atchison, T. & S. F. R. Co., 125 F.2d 49, 51, in which the Circuit Court of Appeals for the Ninth Circuit said: "It is immaterial that plaintiffs, in their complaint, do not characterize defendants' negligence as 'concurrent.' Such a characterization would merely express a conclusion of the pleader and is therefore unnecessary." If, as alleged in the complaint, "said Lowe neglected, failed and refused to make any diagnosis or make any effort whatsoever to ascertain the cause of plaintiff's condition * * * discoverable * * * by the signs of suffering and pain on the plaintiff's face," no one could deny that such failure and neglect would be "unfaithful," "wrongful," and "in bad faith." In this court, under Rule 8(a), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, the pleading of such conclusions is no longer necessary. That rule provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule controls despite Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. See: Sibbach v. Wilson & Co., Inc., 312 U.S. 1, 14, 655, 61 S.Ct. 422, 426, 85 L.Ed. 479, in which the Supreme Court said: "The test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." See, also, Holtzoff "The Federal Rules of Civil Procedure and Erie Railroad Co. v. Tompkins, 24 J.Am.Jud.Soc. 57; Clark, Procedural Aspects of the New State Independence, 8 Geo. Wash. L. Rev. 1230; Clark, The Tompkins Case and the Federal Rules, 1 F.R.D. 417.

Defendant raises the question of the failure to join Charles R. Lowe who, it is asserted, is an indispensable party with defendant. Dr. Lowe is not an indispensable party. State v. American Surety Company, 26 Idaho 652, 145 P. 1097, 1106, Ann.Cas.1916E, 209. An action of this kind may be brought against either the principal or surety subject to the limitations which I outlined at the inception of this opinion. In defendant's brief, it is stated: "As the case now stands, Dr. Lowe has a law suit on his hands without having the advantage of being a party to the suit." The commencement of this action against the defendant surety company does not, in itself, bring about a situation in which Dr. Lowe has a law suit on his hands. The only way Dr. Lowe may be made liable under his indemnity agreement with the defendant is for the defendant to tender the defense of this action to him. I have no doubt that, if that has not already been done, it will be done in due time. His interests are amply protected by the requirement of such procedure. In plaintiff's brief, counsel refers to Dr. Lowe's motion to intervene. I find no such motion in the file. If such motion is made, it is without merit for the

reason that Dr. Lowe is not a necessary party to this action because his rights can be protected if he sees fit to accept the defense of this action and he cannot be bound by this action unless the defense is tendered to him. Defendant's brief also raises the question of Rule 14 of Federal Rules of Civil Procedure. However, no effort has been made to comply with the very definite procedural requirements under Rule 14. There is nothing in defendant's motions which satisfies these requirements. Therefore, I am not passing upon the question which later may be raised if defendant seeks to make use of that Rule.

I will sign an order denying defendant's amended motion to dismiss.