209 P.2d 733

·LORANG v. HAYS et al.

No. 7514.

Supreme Court of Idaho.

July 1, 1949.

Rehearing Denied Sept. 27, 1949.

Cox, Ware & Stellmon, Lewiston, for appellant.

V. R. Clements, Lewiston, for respondent Lorang and Tobin.

Ray E. Durham, Lewiston, for respondent Hays & National Surety.

Edward C. Butler, Lewiston, H. Earl Davis, Spokane, Wash., for respondent Great American Indemnity.

KEETON, Justice.

This action was brought by Marguerite Lorang, the appellant (plaintiff), against the respondents (defendants), claiming damages for false arrest and false imprisonment. Defendant Ralph M. Wade was never served with process and made no appearance in the cause. Respondent Great American Indemnity company was made a defendant on its bond as surety for defendant Ralph M. Wade, and defendant National Surety Corporation was made defendant as surety on the bond of W. W. Hays. All appearing defendants filed general and special demurrers and motions to strike various parts of the amended complaint as amended.

All legal questions so presented by demurrers and motions were heard by the trial court and sustained, and the action dismissed with prejudice.

This appeal is from the judgment.

The amended complaint as amended covers twenty pages of the transcript and a lengthy recital of all its allegations would serve no useful purpose. It charges that the defendants Henry M. Lorang, Alice Tobin, and defendant Hays, acting in his official capacity as sheriff of Nez Perce county, forcibly removed the plaintiff from an automoblie in which she was sitting in Lewiston, Idaho, and without any process, commitment or legal authority whatsoever, transported her over her protest and objections to Orofino, and delivered her to the defendant Ralph M. Wade, superintendent in charge of the State Hospital for the insane; that the acts so done were malicious, wrongful, unlawful, without any order of

court, legal process or commitment, and that the defendant Wade, acting in concert with the other defendants, without any order of court, legal process or commitment, incarcerated and imprisoned her in the insane asylum, and kept her there so confined from April 2d to July 11th; and also alleges that plaintiff and defendant, Henry M. Lorang, were married November 27, 1919, and lived together as husband and wife until April 2, 1942, at which time they separated and plaintiff lived separate and apart from said defendant Henry M. Lorang, at all times thereafter, and that said parties were divorced April 27, 1944, and that the plaintiff is now and ever since said date has been a single woman.

A purported commitment was made and signed by the probate judge of Clearwater county April 6th. This commitment is attacked as invalid and void for numerous reasons alleged, and the plaintiff charges it was a fraud fabricated and produced by the defendants, Hays, Wade, Lorang and Tobin.

The amended complaint as amended further enumerates in detail the acts of the said defendants and each, and charges that the defendants acted jointly and in concert, and pursuant to a conspiracy; that the plaintiff was not insane, which was well known to the defendants, Lorang, Tobin, Hays and Wade.

The defendant Hays is sued in his official capacity as sheriff, and Wade in his official capacity as superintendent of the asylum.

The action was commenced after the divorce above referred to was granted.

The complaint prays judgment against the defendants for actual and exemplary damages.

Numerous contentions and arguments are submitted in the briefs as to why the motions and demurrers were properly sustained and arguments submitted by appellant as to why such motions and demurrers should have been overruled.

It is contended by the respondents that the defendant Lorang is a necessary party plaintiff and that an action cannot be maintained by a wife, or a former wife, for a tort committed on her person during coverture without joining her former husband as a party plaintiff, and that any recovery would be community property.

"The earnings and accumulations of the wife * * * while she is living separate from her husband are the separate property of the wife." Sec. 32-909, I.C.

Former cases decided by this court: Giffen v. City of Lewiston, 6 Idaho 231, 55 P. 545; Lindsay v. Oregon Short Line Railroad Co., 13 Idaho 477, 90 P. 984, 12 L.R.A., N.S., 184; Swager v. Peterson, 49 Idaho 785, 291 P. 1049; Labonte v. Davidson, 31 Idaho 644, 175 P. 588, holding that damages recoverable or recovered for injuries to wife are community property, and that the husband is a necessary party plaintiff, have

never been held by this court to apply where the parties are separated; and even though the parties were living togther as husband and wife, the rule has been questioned.

In the case of Muir v. City of Pocatello, 36 Idaho 532, 540, 212 P. 345, 347, the court said:

"If a married woman has a right to maintain an action to recover for her personal services, she certainly should not be denied the right to maintain an action for an injury to her person or character", and quoted from Chicago, B. & Q. Ry. Co. v. Dunn, 52 Ill. 260, 4 Am.Rep. 606, as follows:

" 'A right to sue for an injury is a right of action—it is a thing in action, and is property. * * * Who is the natural owner of the right? Not the husband, because the injury did not accrue to him; it was wholly personal to the wife; it was her body that was bruised; it was she who suffered the agonizing mental and physical pain.' "

The rule announced that the husband is a necessary and proper party plaintiff has been held not to apply where the parties are living separate and apart from each other; and a cause of action for damages to the person or character of a married woman, which accrued while she was living separate and apart from her husband, has been held to be "an accumulation".

In Horton v. City of Seattle, 53 Wash. 316, 101 P. 1091, the court said:

" * * * a married woman living separately and apart from her husband may sue in her own name for a personal injury negligently inflicted on her."

In the case of City of Phoenix v. Dickson et al., 40 Ariz. 403, 12 P.2d 618, the court held:

"Claim for personal injuries sustained by wife living separate from husband held not 'earnings,' but 'accumulation' within statute naming wife's separate property."

The Arizona statute defining a wife's separate property is the same as the Idaho statute.

The Arizona court after reviewing the case said:

"We conclude that the claim for damages was * * * the separate property of the wife * * *."

This rule is further supported by the case of Union Oil Co. v. Stewart, 158 Cal. 149, 110 P. 313, Ann.Cas.1912A, 567, and Wiard v. Market Operating Corporation, 178 Wash. 265, 34 P.2d 875, in which latter case the court held that a married woman living apart from her husband is entitled to maintain an action for personal injury sustained by her. See also, Franklin v. Franklin, 67 Cal.App.2d 717, 155 P.2d 637.

There is another valid reason why the former husband in the case at bar is not a necessary party plaintiff. It was he who repudiated the marriage relation and was instrumental in perfecting the wrong, and if he were a necessary party plaintiff, he would be recovering for his own wrong.

446

Further, the defendant Lorang is estopped under the circumstances alleged from claiming any part of the recovery.

We, therefore, conclude that a cause of action for damages to the person or character of a married woman, which accrue while she is living separate and apart from her husband, is "an accumulation", is her separate property; that the husband is not a necessary party plaintiff and is not entitled to any of the recovery. This rule is particularly applicable where the husband is himself the wrongdoer.

Another question submitted is whether or not the former husband is a proper party defendant, and whether or not he is liable in damages for a willful tort committed against the person of the wife when they are living separate.

The Constitution, Art. I, sec. 18, provides:

"Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice."

"A woman may while married sue and be sued in the same manner as if she were single * * *." Sec. 5-304, I.C.

* * * in all matters not regulated by this code, in which there is any conflict or variance between the rules of equity jurisprudence and the rules of the common law, with reference to the same matter, the rules of equity shall prevail." Sec. 5-101, I.C.

"The common law of England, so far as it is not repugnant to, or inconsistent with, the constitution or laws of the United States, in all cases not provided for in these complied laws, is the rule of decision in all courts of this state." Sec. 73-116, I.C.

At common law, because of the fiction that husband and wife were one, and the doctrine of the merger of unity, it was held that neither spouse could maintain an action against the other sounding in tort. Abbott v. Abbott, 67 Me. 304, 24 Am.Rep. 27, 41 C.J.S., Husband and Wife § 396, p. 877; Leonardi v. Leonardi, 21 Ohio App. 110, 153 N.E. 93.

It is therefore necessary to determine whether the common law rule, prohibiting a wife when separated from her husband to maintain an action against the husband for a willful tort committed against her person, has been abrogated.

The immunity of a husband from suit by a wife was based on public policy of preserving domestic peace and felicity. Broaddus v. Wilkenson, 281 Ky. 601, 136 S.W.2d 1052; 41 C.J.S., Husband and Wife, § 396, p. 878.

The common law rule has generally been held not to have been changed by what is commonly referred to as the Married Woman's Acts, and the question of whether or not such action can be maintained is one of statutory construction, in which the various courts of the country are not in accord.

That such an action can be maintained, see Roberts v. Roberts, 185 N.C. 566, 118 S.E. 9, 29 A.L.R. 1479; Pepper v. Morrill, 1 Cir., 24 F.2d 320, 57 A.L.R. 750; Fiedler v. Fiedler, 42 Okl. 124, 140 P. 1022, 52 L.R.A.,N.S., 189; Brown v. Brown, 88 Conn. 42, 89 A. 889, 52 L.R.A.,N.S., 185, Ann.Cas.1915D, 70.

That the action cannot be maintained, see Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180, 30 L.R.A.,N.S., 1153, 21 Ann.Cas. 821 (Justices Harlan, Holmes and Hughes dissenting); Willott v. Willott, 333 Mo. 896, 62 S.W.2d 1084, 89 A.L.R. 114; Fehr v. General Accident, Fire & Life Assurance Corp., 246 Wis. 228, 16 N.W.2d. 787, 160 A.L.R. 1402.

"In a number of jurisdictions, one spouse is liable to and can be sued by the other spouse for torts on the person or character of the latter, where the view is taken that Married Women's Acts abrogate, to such an extent at least, the unity of husband and wife, and that public policy is not against such construction of such acts. Existing remedies, such as resort to the criminal courts, divorce, and separation, are illusory and inadequate." 27 Am.Jur., sec. 593, p. 195.

A husband and wife contract toward each other obligations of mutual respect, fidelity and support. Sec. 32-901, I.C.

The question arises: Do the constitution and laws of Idaho by express terms or necessary implication so modify and abrogate the common law rule above stated as to permit the maintaining of the action in question? Many courts of last resort in their recent decisions hold that the action may be maintained, particularly when the spouses are separated, and that the husband is liable for a willful tort committed against the person of his wife.

In the case of Brown v. Brown, supra, a wife sought to recover damages from her husband for assault and battery and false imprisonment. A demurrer to the complaint was sustained on the ground that the wife could not maintain such an action against her husband. In reviewing the lower court's decision the court pointed out that rules of common law which prevented the bringing and maintaining of such an action no longer prevailed. The court said 88 Conn. 42, 89 A. 892:

"When the purposes of the marriage relation have wholly failed by reason of the misconduct of one or both of the parties, there is no reason why * * * wife should not have the same remedies for injuries inflicted by the other spouse which the courts would give them against other persons. Courts are established and maintained to enforce remedies for every wrong upon the theory that it is for the public interest that personal differences should thus be adjusted rather than that the parties should be left to settle them according to the law of nature. * * * We find nothing to warrant the claim that public policy is opposed to the existence of a cause of action for a personal tort in favor

of * * * wife against the other spouse, where the wife's identity is not merged in that of her husband."

In the case of Fiedler v. Fiedler, supra, an action was brought against a husband for damages resulting from personal injuries upon a petition in which it was alleged that the defendant assaulted the plaintiff with a shotgun inflicting damages and painful wounds and injuries upon her. The court held that the action could be maintained, and said, 140 P. 1022, 1024, 52 L.R.A.N.S., 190:

"Nor are we able to perceive wherein the sensitive nerves of society are worse jarred by such a proceeding than it would be to allow the parties to go into a divorce court and lay bare every act of their marriage relation in order to obtain alimony."

For other cases holding that such an action may be maintained, see Simmons v. Simmons, D.C., 41 F.Supp. 545; Rains v. Rains, 97 Colo. 19, 46 P.2d 740; Ginsberg v. Ginsberg, 126 Conn. 146, 9 A.2d 812; Courtney v. Courtney, 184 Okl. 395, 87 P.2d 660.

Construing our constitution and statutes as a whole, it seems to us plainly manifest that the legislative intent to remove the shackles of the common law rules as to rights of a married woman, under the circumstances presented here, is clearly apparent.

In Idaho a married woman has a legal status of her own. She is not submerged in the identity of her husband.

We are unable to perceive where public policy or society or the sacred relations of marriage are in anywise protected by denying a remedy open to all persons. We, therefore, conclude that under the facts alleged, the plaintiff has a right to maintain the action against her former husband even though the tort complained of was committed during coverture.

Respondent surety companies contend that there is a misjoinder of parties defendant in that the Great American Indemnity Company as surety on the official bond of respondent Wade, cannot be joined as a party defendant with National Surety Corporation on the official bond of respondent Hays as sheriff. And, further, that the sureties on the bonds of Hays and Wade are not liable for the acts of Lorang and Tobin.

The defendants, other than the sureties of Hays and Wade, are charged as joint tortfeasors and acting pursuant to a conspiracy.

In the case of Helgeson v. Powell et al., 54 Idaho 667, 682, 34 P.2d 957, 963, different sureties for different persons were made defendants. The court held:

"The law seems to be well settled that, where several people actively participate in any manner in the commission of a tort, not only the actual actor or assailant is liable, but all others who aid, abet, counsel, or encourage the wrongdoer by words, gestures, looks, or signs are equally liable with him to the injured person."

■ A person who joins in committing a tort cannot escape liability by showing that another person is liable also; that a third person cooperated in the wrong is no justification for the misconduct of others who likewise participated. The general rule is that joint tort feasors are jointly and severally liable. Hence, a tort jointly committed by several may be treated as joint or several at the election of the aggrieved party. 52 Am.Jur., sec. 110, pp. 448, 449.

■ Tort feasors who join in the commission of a wrong, and there is a concerted series of action on the part of the wrongdoers, which culminates in producing the injury complained of, all are jointly and severally liable. Particularly is this true in the case at bar where it is charged that the principal actors in the wrong acted pursuant to a conspiracy.

In the case of State v. American Surety Company, 26 Idaho 652, 145 P. 1097, Ann. Cas.1916E, 209, an action was brought against the principal and surety to recover against the principal and the bondsmen of a public official for failure to faithfully discharge the duties of the office. In passing on this case this court held 26 Idaho at pages 680, 681, 145 P. at page 1106

"Under the bond in question, the principal and surety are jointly and severally liable, and an action on said bond might be brought jointly against said bank commissioner [public official] and his sureties, or might have been brought against either of them severally."

See also Sims v. United Pacific Insurance Co., D.C., 51 F.Supp. 433.

Section 59-813, Idaho Codes, provides:

"Extent of sureties' liability.—Every official bond executed by any officer pursuant to law is in force and obligatory upon the principal and sureties therein for any and all breaches of the conditions thereof committed during the time such officer continues to discharge any of the duties of or hold the office, and whether such breaches are committed or suffered by the principal officer, his deputy, or clerk."

See also: Helgeson v. Powell, supra.

■ Where the liability is joint, each wrongdoer is responsible for the entire damage sustained, and the fact that one of the wrongdoers may not be held accountable to the injured party will not operate to exempt the other. 62 C.J., sec. 49, p. 1136.

■ We therefore conclude that the sureties of the defendants Hays and Wade are liable for damages sustained due to the acts of the principals, or those acting in concert with them, to the extent of the bond.

From what has been said we conclude that there is not a misjoinder of parties defendant, and that the defendant sureties may be joined in the action against the principals.

We further conclude that the separation of husband and wife at the time of the wrong complained of is sufficiently alleged, when considered with the other facts al-

450

leged and that the husband, in concert with others, forcibly removed the appellant from the automobile in Lewiston and transported her to Orofino and caused her to be confined in the insane asylum.

The judgment is reversed and the cause remanded with instructions to the trial court to overrule all respondents' demurrers, deny all respondents' motions and proceed in accordance with the views herein expressed. Costs to appellant.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.