509 P.2d 1297

Arnold C. LARSON, Plaintiff-Respondent,

v.

Valois Y. LARSON, Defendant-Appellant.

No. 11024.

Supreme Court of Idaho.

May 15, 1973.

Randall & Bengtson, Lewiston, for defendant-appellant.

Robert S. Williams, Moscow, for plaintiff-respondent.

McFADDEN, Justice.

Arnold C. Larson, the plaintiff-respondent, instituted this action against Valois Y. Larson, the defendant-appellant seeking a divorce on the grounds of extreme cruelty. In the complaint he claimed certain items as community property and prayed for a division thereof. Valois Y. Larson, the wife, answered the complaint and alleged in an affirmative defense certain additional items of community property. By cross-complaint she sought a divorce on the grounds of extreme cruelty, custody of the parties' minor daughter, support for the daughter, division of the community property and attorney fees.

After trial, the court rendered its memorandum opinion and thereafter entered findings of fact, conclusions of law and decree. The trial court found each of the parties had been guilty of extreme cruelty to the other and by its decree dissolved the marriage. In its decree the trial court also awarded to appellant custody of the minor child and $35.00 per month as child support. The court awarded certain items of property to the husband, including a beer distributorship with real property, its equipment and inventory. The court awarded real and personal property to the wife, including certain real property in Spokane, Washington. The court also awarded the wife the sum of $22,800 to be paid by respondent husband at the rate of $100.00 per month, plus 6% interest, and it provided that if the beer distributorship be

sold, appellant was entitled to the immediate payment of the balance then due. The trial court denied any allowance of attorney fees to the wife and by decree ordered each party to pay all moneys and obligations due against the property awarded them.

Following entry of the findings of fact, conclusions of law and decree, appellant filed her motion for new trial. This motion was subsequently denied by the court. Appellant has appealed from the judgment and decree of the trial court and from the order denying her motion for new trial.

One of appellant's contentions on this appeal is that the trial court erred in its determination that all the property of the parties was community property. She contends that she should have been awarded certain properties in Spokane, Washington, as her separate property.

After the parties were married, they lived in Washington for a number of years and moved to Moscow, Idaho in 1956. At that time they purchased a beer distributorship by contract for $32,500.00, and over the course of the years they paid it off. During the early years of their stay in Moscow, both of them worked in this business. The appellant did the book work, purchased supplies and generally helped her husband in the operation of the business. In about 1962, financial and other problems arose, and appellant left for Spokane where she subsequently obtained a position teaching school. One of appellant's stated reasons for this move was to alleviate serious financial problems that they were then facing.

After the appellant's move to Spokane, she later took her three children with her and supported them on her salary earned while teaching. Two of these children had reached the age of majority at the time the decree was entered, and the third child, a daughter, who was fourteen years of age, lived with her mother. While appellant lived in Spokane, respondent stayed in Moscow and ran the beer distributing business. The parties visited on weekends in Spokane and sometimes in Moscow. Also, over the years they took some vacations together. At times appellant stayed with respondent in Moscow. During this period of time appellant acquired interests in four parcels of real property in Spokane by paying small amounts down and then renting them. She did, however, maintain her home in one of these properties. One property, purchased for $14,700 had a balance owing on it of $13,000; another parcel purchased for $11,000, had a balance owing on it of $10,000; a third parcel, purchased for $7,000 had a balance owing on it of $6,500; and the fourth parcel purchased for $3,400, was clear.

Respondent in his complaint alleged that the parties accumulated as community property some twelve items of property, including not only the beer distributorship in Moscow, but also the equity in the four houses in Spokane, as well as certain motor vehicles, trailerhouse, insurance policies and household goods and furnishings. Appellant, in her answer, admitted that the four Spokane properties were community property.

Although appellant at one time in her testimony questioned whether the Spokane properties were community property there was never any issue presented to the trial court other than all property was community property. The trial court entered its memorandum decision, findings of fact, conclusions of law and judgment on this basis. i. e. that all property then before the court was the community property of the parties.

In her motion for new trial, appellant claimed as one of the grounds for the new trial that the trial court failed to consider that the Spokane property was acquired by her while living separate and apart from the plaintiff making it her sole and separate property. She raised this same contention on this appeal. In support of this position, appellant cites I.C. § 32–

909;[1] Lorang v. Hays, 69 Idaho 440, 209 P.2d 733 (1949); Vaughn v. Vaughn, 91 Idaho 544, 428 P.2d 50 (1967), and Loring v. Stuart, 79 Cal. 200, 21 P. 651 (1889).

In Lorang v. Hays, supra, the issue before the court was whether the wife could maintain an action for false arrest without joining her husband. The court held under the facts he was not a necessary party. The court also found that at the time the damage action was filed the parties had been divorced, and that the former husband had participated in the acts which gave rise to the false imprisonment action. In our opinion, Lorang v. Hays, supra, does not sustain appellant's position.

In Vaughn v. Vaughn, supra, the issue before the court was whether the plaintiff could maintain an action against her former husband on a promissory note. In the *Vaughn* case the parties had not lived together from 1951 until the divorce in 1959. The Court stated:

"While the record may not show actual 'bad blood' between the parties, nevertheless the parties had reached à point in their marital life when each was going his or her own way without regard to the obligations of one for the other, and their separation had developed into a permanent one. It is clear that the parties established a status of separation within the purview of that section." 91 Idaho at 548, 428 P.2d at 54.

In Loring v. Stuart, supra, the Supreme Court of California pointed out that the parties had been separated for some time, and during this period determined never to resume marital relations. That court held the parties were separated within the meaning of the California statute, which is a counterpart of I.C. § 32–909.

This case is factually distinguishable from the authorities cited by appellant. Here the parties on numerous occasions associated together during the time ap-

pellant lived in Spokane. It is our conclusion that there were such frequent associations between the parties that no separation had taken place within the meaning of the statute. In view of the facts and the allegations by appellant in her pleadings that the Spokane property was community property, it is the conclusion of the Court that the trial court did not err in its determination that this property was community property.

Appellant also claims the trial court erred in not giving her immediate control of her determined share of the community property. The trial court, after first assigning certain specific articles of community property to each of the respective parties, determined that the appellant was entitled to $22,800 to be paid to her by respondent at $100 per month (with interest at 6% per annum) with the provision that if the beer distribution business be sold the unpaid balance would become due. She points out that unless the business is sold the time of payment of this obligation would extend over some 19 years; she argues that this is an unreasonable length of time to liquidate such an obligation. There is merit in this contention. As pointed out in Largilliere v. Largilliere, 50 Idaho 496, 500, 298 P. 362, 363 (1931),

"Ordinarily, the court, if possible, should by decree so dispose of the community as to give each spouse sole and immediate control of his or her determined share."

However, this Court has recognized that in certain situations the best interests of the parties may not be served by a lump sum award, and that the court may provide an award payable in installments. Jackson v. Jackson, 87 Idaho 330, 393 P.2d 28 (1964); Lawson v. Lawson, 87 Idaho 444, 394 P.2d 1008 (1964).

In this case respondent suffers from a partial disability which the trial court rec-

---

1. "I.C. § 32–909. Earnings of wife living separate from husband.—The earnings and accumulations of the wife and of her minor children living with her or in her custody, while she is living separate from her husband are the separate property of the wife."

ognized in making the adjustment of the property rights between parties. It is clear that the trial court believed that the monthly payments by the respondent of $100.00 plus interest on appellant's interest in the property could be made without an undue burden on him. Even though installment payments to liquidate an obligation between the parties in a divorce action have been approved by this Court (Jackson v. Jackson, supra; Lawson v. Lawson, supra), this Court has also held that thirteen years and six months was too long to prolong settlement of a lump sum award. Beckstead v. Beckstead, 50 Idaho 556, 299 P. 339 (1931).

In this case the Court did not place any burden on respondent to support the appellant, and unlike other cases, continued operation of the business is not necessary in order to provide income with which to pay support money for the appellant. In this case no showing has been made that within a reasonable time respondent could not arrange for refinancing his business to pay off appellant's interest. Under these circumstances it is the court's conclusion that nineteen years is too long a period for appellant to have to wait to receive her full interest out of the community property, and that it was error for the trial court to extend the time for full payment for such period of time, and that this portion of the judgment must be reversed for further proceedings.

On remand the trial court should determine what is a reasonable time within which respondent should fully liquidate his obligation to appellant, either by sale of the business, or by refinancing it. On the record it would appear that appellant should be fully paid for her interest within a period of not to exceed three years. However, it if deems it necessary, the trial court may reopen the case for additional evidence pertaining to the liquidation of the business.

■ Appellant also claims that the trial court erred in its determination that her interest in the community property only amounted to $22,800. She asserts that the valuation of all community property amounted to slightly over $82,000 and that she should have been awarded half of that sum. In arriving at this figure, appellant claims that the beer distributing business was worth $65,000; she established the value by an offer received for that business which was later rejected. However, as pointed out by respondent, subsequent to this offer, a portion of the business, i. e. distributorship for one line of beer, was sold for $6,000, half of which appellant received. Respondent states that in arriving at the $82,000 figure, appellant included the business inventory of $9,000 which was already included in the $65,000 sale price. Respondent also points out that appellant failed to take into consideration liabilities in the amount of $16,000.

It is our conclusion that the trial court did not err in establishing the valuation of appellant's interest in community property at $22,800.

■ Appellant also assigns as error the award made to her of only $35.00 per month for the support of their minor child. We find no error in this regard. The record discloses that at the time of trial appellant was employed as a teacher in Spokane and had an annual income of about $11,900. Respondent, on the other hand, from his business had been earning in the past few years less than half of that amount. Under the facts established by the record we find no error by the trial court in this award. Of course, in the event of any substantial change of circumstances, such an award for maintenance of a minor child, upon a proper showing being made, is subject to review by the trial court. I.C. § 32–705.

The judgment of the trial court is affirmed in all particulars except that provision therein pertaining to payment of $22,800 to appellant in monthly installments of $100 plus 6% interest per annum. That portion of the judgment providing for liquidation of appellant's interest in the community property by monthly payments of

$100 plus interest is reversed, and the cause is remanded to the trial court to fix a reasonable time not to exceed three years, within which the $22,800 shall be paid. The trial court shall order that in the event such sum is not so paid, the business shall be liquidated to satisfy the obligation. Costs to appellant.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.