517 P.2d 1296

**STATE of Arizona, Appellant,**

v.

**Audrey PRELL, Appellee.**

**No. I CA–CR 577.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 31, 1973.

———◆———

Moise Berger, Maricopa County Atty., by Jerry L. Stejskal, Deputy County Atty., for appellant.

Henry J. Florence, Ltd., by Mathis Becker, Phoenix, for appellee.

OPINION

STEVENS, Judge.

The grand jury returned an indictment charging the appellee with extortion. The

trial court granted a motion to quash the indictment and the State appeals.

In this opinion we will identify persons in the following manner:

The appellee will be referred to as the defendant. During a portion of the background fact situation the defendant was married and then divorced. During the time of the marriage, this man will be referred to as the defendant's then husband and after the divorce he will be referred to as the defendant's former husband.

The person who was the subject of the alleged extortion will be referred to as the victim. The victim was at all times material hereto a married person and her husband will be referred to as the victim's husband.

The factual background which was presented to the trial court and in relation to which the motion to quash was granted is set forth in a reporter's transcript of the testimony presented to the grand jury and in two bills of particulars. The only witnesses before the grand jury were the victim and the victim's husband.

The following factual background was developed. During the marriage of the defendant and the defendant's then husband, the victim's husband rendered services to them. The defendant and the defendant's then husband agreed that the obligation arising out of this service would be their joint and several obligation. At a time when the overall objective of the services had been partially completed with preliminary success the defendant became divorced. This terminated the rendition of the services and there was a sum of money due and owing to the victim's husband. After the divorce the defendant's former husband went through bankruptcy, listing the obligation owing to the victim's husband as one of his debts.

The victim's husband, without success, sought to collect the debt from the defendant and finally placed the debt in the hands of a collection agency. The defendant resented the collection agency's efforts

to collect from her and thereafter the alleged acts of extortion took place.

The charging part of the indictment, substituting words for names, is as follows:

"AUDREY PRELL, did extort from (the victim) the signature of (the victim's husband), on an acknowledgement that a debt owing to (the victim's husband) was paid, in violation of A.R.S., Sec. 13-401 and 13-404."

Attached to each of the bills of particulars there is a copy of a statement of the debt due from the defendant to the victim's husband, signed by him, followed by an acknowledgement of payment in full, also signed by him. No money had been paid on the debt. This document was executed by the victim's husband and delivered by the victim to the defendant solely by reason of threats made by the defendant which were addressed to the person of the victim.

We set forth the two statutory sections referred to in the indictment:

"§ 13-401. Definition; inducing fear; punishment

"A. Extortion is the obtaining of property from another with his consent induced by wrongful use of force or fear, or under color of official right.

"B. The fear may be induced by a threat:

"1. To do an unlawful injury to the person or property of the individual threatened or to a relative or any member of his family.

"2. To accuse a person or a relative, or any member of his family, of crime.

"3. To expose or impute to a person or a relative, or any member of his family, any deformity or disgrace.

"4. To expose any secret affecting a person or a relative, or any member of his family.

"C. Extortion, under circumstances not amounting to robbery, by means of force or fear of threat named in subsection B of this section, is a felony punishable by

imprisonment in the state prison for not to exceed five years.

"D. Extortion under color of official right, when a different punishment is not otherwise prescribed, is a misdemeanor."

"§ 13–404. Obtaining signature by extortionate means; punishment

"A person who, by extortionate means, obtains from another his signature to any paper or instrument, whereby, if the signature were freely given, property would be transferred or a debt, demand, charge or right of action created, shall be punished in the same manner as if actual delivery of the debt, demand, charge or right of action were obtained."

█ The indictment charges that the defendant "did extort * * * the signature." So we first consider A.R.S. § 13–404. This section required that the signature so secured be "his signature", that is, the signature of the victim. The paper so signed must be of such a nature as to transfer property. Here no property was "transferred". In the alternative the paper must create "a debt, demand, * * * or right of action." The acknowledgement of payment signed by the victim's husband did not purport to "create" anything specified in the statute and the statute is silent as to securing a release. We hold that the factual background does not fall within A.R.S. § 13–404.

█ We turn now to A.R.S. § 13–401. Without specifying the details of the threats which the defendant conveyed to the victim, and without a formal opinion as to the sufficiency of the evidence in relation thereto, we proceed on the basis that the threats fell within the prohibitions of A.R.S. § 13–401(B). In the case of The City of Phoenix v. Dickson our Supreme Court stated:

"A claim for damages is a chose in action, and accordingly is properly classified as property." 40 Ariz. 403 at 406, 12 P.2d 618 at 619 (1932).

We have no difficulty in classifying the defendant's debt to the victim's husband as a chose in action and therefore "property" within this section.

In People v. Goodman, 159 Cal.App.2d 54, 323 P.2d 536 (1958), under the similar statute the court upheld a conviction wherein the defendant by means of extortion secured checks drawn on a bank account and signed by the victim. In Bush v. State, 19 Ariz. 195, 168 P. 508 (1917), our Supreme Court sustained a conviction of extortion in the securing of the victim's signature to a bill of sale of cattle.

In the case at bar we have heretofore stated our opinion as to the non-applicability of A.R.S. § 13–404 in securing the purported satisfaction of a debt.

█ Did the defendant obtain the property of the victim? There was no transfer of a thing of value from the victim to the defendant. If there could be considered to be a transfer, this was executed by the victim's husband and he is not named in the indictment as being a person who was the subject of the extortion. The matter secured by the extortion was "the signature * * * on an acknowledgement that a debt owing * * * was paid."

We have considered the defendant's contention that the indictment charges two offenses in one count, one offense under A.R.S. § 13–401 and another offense under A.R.S. § 13–404. She further urges that this is contrary to Criminal Rule 128(A), 17 A.R.S., as those rules existed at the time of the return of the indictment. In view of our holding in this case, we need not answer this contention.

Nothing herein contained shall be construed as lending our approval to the type of conduct which the evidence attributes to the defendant. At the same time, we agree that the motion to quash was well taken and the order granting the same is,

. Affirmed.

DONOFRIO, P. J., Department A, and OGG, J., concur.