756 P.2d 350

**James D. EASTER, an adult individual, Plaintiff/Appellant,**

v.

**Oscar L. PERCY and Mary Jeanne Percy, husband and wife; John Carollo Engineers, an Arizona business entity; John Carollo and Jane Doe Carollo, husband and wife, Defendants/Appellees.**

**No. 2 CA–CV 88–0113.**

Court of Appeals of Arizona, Division 2, Department B.

May 24, 1988.

Frederick C. Creasy, Jr. and David W. Hume, Scottsdale, for plaintiff/appellant.

Gallagher & Kennedy, P.A. by Roger E. Brodman and Judith A. Morse, Phoenix, for defendants/appellees.

## OPINION

FERNANDEZ, Judge.

In this workers' compensation case, we hold that an oral reassignment of the claim to the employee by the carrier during the second year does not violate the Arizona Statute of Frauds.

While he was employed by Dillingham Construction Company on August 6, 1984, appellant was struck by a loose piece of rebar. He received workers' compensation benefits from Aetna Life & Casualty Insurance Company for the work-related injury. On August 6, 1986, appellant filed an action against appellees John Carollo Engineers and Oscar Percy, a chief inspector for John Carollo Engineers, alleging negligent supervision of construction and negligent inspection of the rebar structure. Appellees filed a motion for summary judgment on the ground that appellant had failed to obtain a reassignment of the claim.

In response to the motion, appellant's attorney filed an affidavit stating that on July 22, 1986, he contacted Suzanne Harris, senior workers' compensation specialist for Aetna, seeking a reassignment of the claim. He stated that several days later Harris telephoned and advised him that Aetna would reassign the claim to appellant. The affidavit further states that the attorney believed Aetna would prepare the written reassignment and forward it to him for his signature. The attorney was on vacation during most of August 1986. Upon his return in September, he discovered that Aetna had not sent the reassignment. He then contacted Harris and learned that she had believed he would prepare the reassignment. The written reassignment was then prepared and was executed by Harris on October 9, 1986.

Appellant also filed a motion to amend his complaint to show that he became the real party in interest after he obtained the written reassignment. He also sought to allege that the written reassignment related back to the date the complaint was filed. Later, appellant sought to amend the complaint to join Aetna as a proper party plain-

tiff. The court granted appellees' motion and denied appellant's motions.

Suzanne Harris filed two affidavits in this case, the first dated January 30, 1987, which stated that she agreed to reassign the claim on October 9, 1986, and signed the agreement on that date. The second affidavit, dated April 8, 1987, stated that she knew that appellant's claim had been automatically assigned to Aetna pursuant to A.R.S. § 23–1023, that she knew appellant had filed a lawsuit against third parties on August 6, 1986, and that she had been informed that Aetna had become an indispensable real party in interest in the lawsuit. She further stated that Aetna agreed to its joinder as the proper party plaintiff in the lawsuit to pursue the third party claims. In addition, she stated that upon court confirmation of that joinder, Aetna intended to reassign the claim to appellant so that he might pursue the claims.

On appeal, appellant contends that the court erred 1) in not finding a valid reassignment within the second year after the claim accrued, 2) in denying his motion to amend the complaint to name himself as the real party in interest and 3) in denying the motion to join Aetna as the real party in interest.

## REASSIGNMENT

 Appellant contends that he obtained an oral reassignment within the two-year statute of limitations. We must determine whether a written reassignment is required under A.R.S. § 23–1023(B). That statute is silent on the question of whether or not the reassignment must be in writing.

Appellees contend that an oral reassignment is not valid because a personal injury claim is a chose in action and is accordingly classified as property, citing *K.W. Dart Truck Co. v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977), and *City of Phoenix v. Dickson*, 40 Ariz. 403, 12 P.2d 618 (1932). The Statute of Frauds, A.R.S. § 44–101, provides in part as follows:

No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\* \* \* \* \* \*

4. Upon a contract to sell or a sale of goods or choses in action of the value of five hundred dollars or more....

That statute requires a writing when suit is brought upon a contract. Since this action has not been brought upon the reassignment but upon a claim for negligence, the Statute of Frauds is not applicable.

We also find that workers' compensation reassignments should be considered in light of the history and public policy involved in the workers' compensation statutes. Instead of reciting the history and public policy of A.R.S. § 23–1023, we refer to the discussion of our supreme court in the recent case of *Smith v. Payne*, 156 Ariz. 506, 753 P.2d 1162 (1988), particularly the statement that "the statutory provisions for assignment and reassignment were not intended to benefit third-party tortfeasors nor relieve them from liability." 156 Ariz. at 509, 753 P.2d at 1165. However, an oral reassignment within the prescribed time period must still be shown.

 The evidence contained in the affidavits in this case presents a fact question as to whether a timely oral reassignment was made. Since a fact issue exists as to the reassignment, we reverse the entry of summary judgment and remand the case. In view of our disposition, it is unnecessary to discuss the other issues raised.

Reversed and remanded.

LIVERMORE, P.J., and ROLL, J., concur.